PER CURIAM.
This appeal involves the amount of an attorney’s fee which the lower court awarded the attorney for a minor for representing said minor in connection with the administration of her father’s estate.
The lower court awarded said attorney, appellant here, the amount of $10,000 with interest at six percent (6%) from February 7, 1957, the date of his discharge by the guardian of the minor involved. Appellant contends said award is insufficient.
We have closely reviewed the record and find that the lower court had sufficient evidence from which he could determine that $10,000 would be a reasonable fee commensurate to the value of the legal services performed and to the value of said services to the minor’s one-half share of the estate in question, said estate having an indicated gross value of approximately $490,000.00.
The lower court could consider whether or not all the services rendered by the appellant were of value to the ward’s interest; whether the trips taken out of the State of Florida in the domain of the principal administrator were necessary since this was an ancillary administration; consider the testimony of the professional witnesses as to the value of the appellant’s services and then determine the weight he would give to such testimony. It was in the domain of the trial judge to determine these questions.
It is not our province to view this record to decide whether or not, had we been in the place of the nisi prius judge, we would have given more or less amounts to the appellant for his services. Nor, based *174 upon the record before us, can we say that the lower court committed reversible error in not awarding the appellant a fee larger than $10,000.
The lower court, citing Huntley v. Baya, Fla.App.1962, 136 So.2d 248, as aforesaid also awarded interest on the attorney’s fee from the date said fee became due, to wit: the date of appellant’s discharge by the minor’s guardian on February 7, 1957. Appellee has cross-assigned as error the award of interest. Based on the authority relied on by the lower court, it is our view that the lower court acted within its discretion in awarding interest on the attorney’s fees.
Perceiving no grounds for reversal, the judgment appealed from is affirmed.
Affirmed.
ALLEN, Acting C. J., and SMITH and WHITE, JJ., concur.