PER CURIAM.
This appeal is by the former husband from two of the financial provisions of a final judgment of divorce. The appellee wife sued for and obtained a divorce upon the ground of extreme cruelty. The record reveals that full financial disclosure was made and that based thereupon the wife was awarded alimony of $500 per week. Expert testimony was received and ap-pellee’s last counsel was awarded a fee of $7,500. It is these two provisions of the judgment which are alleged to be erroneous.
Appellant’s first point is directed to the award of alimony. He urges that the award constitutes an abuse of discretion because it exceeds the needs of the appellee as set forth in the record. The record does reveal that appellee wife was able to “make do” with temporary alimony in a much smaller amount, but we do not think this fact shows conclusively that the permanent award was excessive. It is also true that the award seems very liberal in view of the wife’s prospective income and her use of the marital home as her residence. Nevertheless we are not convinced that error in this regard appears on this record. See Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456. In this connection it should be pointed out that the amount of the wife’s income and the accuracy of her *487 estimates may be reviewed at a later time. If her income is substantial or her estimate of her needs is not reasonably accurate, then there will be such a change in circumstances as will support an adjustment of the amount of the alimony if the trial judge should find the adjustment proper under § 61.14, Fla.Stat., F.S.A. See, e. g„ Ludacer v. Ludacer, Fla.App.1968, 211 So.2d 64.
Appellant’s second and third points are directed to the award of $7,500 as attorney fees for appellee’s third counsel of record. ■ Appellant’s first counsel, who filed the complaint undertook procedures for discovery and represented appellee from the filing of the complaint in August of 1968 until new counsel appeared in February of 1969, was awarded a fee of $2,500. Appellee’s second counsel secured permission to file and filed an amended complaint and secured an order directing discovery. Appellee’s present counsel filed an affidavit showing 90 hours time expended, but he testified that he did not keep time records and reconstructed the approximate time from his notes. More than one-third of the time expended is assigned to interviews with the appellee. Nothing in the record suggests that the cause was other than a routine divorce in which the defendant husband was a physician earning approximately $75,000 a year. Appellee’s expert testified to a reasonable fee of $9,000 based upon the 90 hours of work. One of appellant’s experts testified that $4,500 would be a reasonable fee, and the other testified that $4,500 or $5,000 would be reasonable.
Under the circumstances of this case we think the amount of the fee set was clear abuse of discretion. The evidence put forth by the appellee was insufficient to prove that the value (under the standards discussed in Provus v. Provus, Fla.1950, 44 So.2d 656) of her last attorney’s services was worth $7,500. The most the record will support is an award of $5,000. See Ortiz v. Ortiz, Fla.App.1968, 211 So.2d 243. The amount of the fee allowed appellee’s last counsel is reduced to $5,000, and the cause is remanded for the entry of an order so amending the judgment.
Affirmed in part, reversed in part and remanded.