269 So.2d 758 (1972)
Arie Lionel BOSEM et al., Appellants,
v.
Ellen Rochelle BOSEM, Appellee.
Nos. 71-498 to 71-500.
District Court of Appeal of Florida, Third District.
November 14, 1972.
Rehearing Denied December 20, 1972.
*760 Sibley, Giblin, Levenson & Ward, Miami Beach, for appellants.
Miller & Podell, Miami Beach, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
We are presented with these several appeals assigning errors concerning the financial provisions of a final judgment of divorce. Separate appeals were filed from the judgment, from the order taxing costs, and from the order granting plaintiff's attorney's fee. In addition the appellee has cross-assigned errors in regard to certain portions of the judgment. The separate appeals were consolidated for all appellate purposes.
The divorce was awarded the wife, Ellen Rochelle Bosem, who is the appellee here. She was awarded the custody of the two minor children of the parties, Sanford David Bosem, born December 9, 1963, and Marc Emery Bosem, born December 20, 1964. No point on appeal is presented which seeks a reversal of that portion of the judgment dissolving the marriage or that portion which awarded custody of the children to the appellee. The defendant husband by a "supplemental" answer counterclaimed against the wife alleging that she was guilty of adultery. The trial court found that the charge of adultery was not proved. This finding is made the subject for appellant's first point on appeal.
We hold that error has not been demonstrated upon the trial court's finding that: "... the defendant-husband has failed to sustain the burden of proof of the affirmative defense of adultery alleged in his supplemental answer." The husband urges specifically that the trial judge erred in failing to apply the principle followed by this court in Benson v. Benson, Fla.App. 1958, 102 So.2d 748. In that case, we set out the applicable law as follows:
* * * * * *
"`To prove adultery the law does not require that specific acts be attested by eyewitnesses. The rule approved by the weight of authority is that if the circumstances proven are such as to lead the guarded discretion of a reasonable and just man to the guilt of the participants that is sufficient... . if desire and opportunity were proven adultery would be presumed.'"
We adhere to that principle but conclude that it does not require reversal of the trial court's finding in this case. The husband produced only one witness, a paid investigator, on the issue of the wife's alleged adultery. The testimony of such a witness must of necessity be accepted with caution. See cases collected at 24 Am.Jur.2d, Divorce and Separation § 390. In this case, the wife was under the surveillance of *761 the paid investigator for approximately one month after the separation of the parties. He observed the wife on five dates. She had dates with three different men in that period. The wife testified at great length and in specific detail about each of the five evenings. She denied adultery or any emotional attachment to the persons involved. Two of the men testified to the occasions in which they were concerned. Each denied the charge. The investigator's testimony concerning these incidents does not compel the conclusion that adultery was committed. Therefore, this case is distinguished from McMillan v. McMillan, 120 Fla. 209, 162 So. 524 (1935); Heath v. Heath, 103 Fla. 1071, 138 So. 796 (1932); and Benson v. Benson, supra.
The facts of the instant case bring it within the purview of the rule that where a decision of a trial judge sitting as a trier of fact is based upon conflicting evidence and there is substantial evidence to support the finding of the judge, then the finding will not be disturbed upon appeal unless it is clearly against the manifest weight of the evidence or is based upon a mistaken application of established law. Cowen v. Cowen, Fla. 1957, 95 So.2d 584; O'Dell v. O'Dell, Fla.App. 1967, 204 So.2d 734; Ames v. Ames, Fla.App. 1963, 153 So.2d 737.
Appellant's second point urges that the monetary allowances to the wife are excessive. As stated in the judgment, the trial judge found the financial situation to be as follows:
* * * * * *
"e) That the defendant husband has an admitted net worth in the sum of $2,210,388.41, and that his true annual income is in excess of the sum of $100,000.00.
"f) That the plaintiff's only assets are certain securities in the sum of $30,000.00 held in her name in trust for the minor children, clothing, furs and jewelry worth several thousand dollars, and the house and furniture, furnishings and fixtures contained therein, located at 554 Lakeview Drive, Miami Beach, Florida, purchased by the defendant-husband as a gift to the plaintiff subsequent to the sale of another house, which the plaintiff had solely owned, and which was also a gift from the defendant-husband. That the plaintiff's title to the said property located at 554 Lakeview Drive, Miami Beach, Florida, is encumbered by a mortgage in the original principle amount of $40,000.00.
"g) That the plaintiff is entitled to the ownership, legal and equitable, and sole possession of the said house and personalty contained therein, located at 554 Lakeview Drive, Miami Beach, Florida.
"h) That the plaintiff has no income, and has no assets other than those hereinabove described, and that she and the two minor children of the parties are wholly dependent upon the defendant-husband for their support."
* * * * * *
Based upon these findings the trial judge: (1) granted the wife periodic alimony of $1,500 per month; (2) granted support for the two minor children of $500 per month for each child; (3) granted the wife lump sum alimony in the amount of $100,000;[1] (4) required the husband to pay all future medical and dental expenses of the wife and children;[2] (5) required the husband to pay *762 for all private and religious schooling of the children;[3] (6) required the husband to maintain a life insurance policy of $100,000.00 for the benefit of the children;[4] (7) confirmed the wife's title to the marital home;[5] and, (8) denied the husband's claim to a special equity in the wife's property.
The appellant points out that the allowances to the wife and children are generous, but that of itself does not make them excessive. The key to appellant's argument is his contention that the trial judge misapprehended the legal effect of the evidence before the court concerning the issue of appellant's financial worth. We should not attempt to reassess the evidentiary weight given by the trier of fact to the testimony of the witnesses, the documentary evidence, and the expert conclusions of the court-appointed auditor.
The trial judge made a direct finding of the financial worth and the annual income of the appellant (see section "e" of the final judgment which is quoted above). It is true that the husband's evidence would indicate a smaller amount of annual income but the evidence before the court is sufficient to support the court's finding.
An examination of the elements of the total awards reveals that not all the elements are supported in the record by the needs of the wife and children. In addition, some of the elements of the award are not proper under the facts of this case. We must therefore discuss the amounts awarded separately.
We consider first the periodic alimony of $1,500 per month. This sum together with the combined child support of $1,000 per month is a total of $2,500 per month. This sum is not inappropriate for the wife and children in the light of the standard that the appellant has set for himself, his wife, and his children. He has installed his wife and children in a house which he says is worth $250,000.00. He has maintained the home and has provided every luxury. He has now decided to terminate the marriage. While the alimony and support payments will not make possible a continuation of that extravagant mode of living, the figure is reasonable in view of testimony that the husband spends $50,000 a year upon himself and his mistress.
Turning to the lump sum award of $100,000, we find no legal justification for this additional payment. When a lump sum award is made in addition to adequate periodic alimony and support, the lump sum award must be justified by circumstances in the record. The trial judge expressly found that there was no basis for a claim by the wife that she was entitled *763 to a special equity in the husband's property.[6] The husband's major asset is an interest in a family owned corporation. There is no basis for fear that this asset is likely to be dissipated or disappear. According to the record, there is no practicable method for the separation of this lump sum from the husband's assets without weakening his financial position. Under these circumstances, and since adequate alimony and support payments have been allowed, we hold that it was an abuse of discretion to award lump sum alimony in this case. Cf. Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Aufseher v. Aufseher, Fla.App. 1969, 217 So.2d 868.
Appellant urges that the provisions for the payment of medical expenses, and for the payment of "all private and religious schooling" for the children are in effect an "open-end" lump sum award. We do not accept this view, but hold (as the trial court probably intended) that the provisions should be limited. Of course, the provisions must be limited to the period of time before the children become twenty-one years old. See Perla v. Perla, Fla. 1952, 58 So.2d 689. Additionally, the medical provision should be limited to the payment for other than usual and minor medical bills. Cf. Stewart v. Stewart, Fla.App. 1972, 3rd D.C.A., 261 So.2d 864, filed May 9, 1972. As reasonable and intelligent people, the appellant and the appellee can probably determine what is major and unusual, but if this is not possible, the court may be called upon to decide.
The requirement that the husband maintain a life insurance policy insuring his life for a sum not less than $100,000 payable to the minor children is not properly within the purview of a child's rights upon the dissolution of his parents' marriage. It amounts to a provision for the payment of child support after the death of the father. Such provisions are often a part of property settlement agreements but they may not be imposed by the trial judge. Fleming v. Fleming, Fla.App. 1965, 177 So.2d 384. But see Riley v. Riley, Fla. App. 1961, 131 So.2d 491, 494.
We find merit in the contention of the appellant that the award of $85,000 for the services of the wife's attorneys in this divorce action was excessive.
The time expended therein by her attorneys was represented by them to be 836 hours. That was revealed to consist of 68 1/2 hours of court work and the taking of depositions (the latter presumably being submitted as equivalent to courtroom work); 129 1/2 hours of legal research; 220 hours in preparation of plaintiff's pleadings; and 418 hours of legal services termed "miscellaneous."
The amount for which the wife's attorneys had undertaken to perform the services by agreement with her, based on the number of hours involved, was $43,506.25.[7] The sum awarded, which was almost *764 double that figure, constituted an allowance by the court of $101.70 per hour for the entire claimed time of 836 hours.
The fee allowed by the court did not exceed an amount recommended by attorneys who testified in behalf of the wife with relation thereto. However, that testimony was not uncontradicted, and the fee was substantially in excess of the estimate therefor in the expert testimony presented on behalf of the husband. While such evidence is persuasive, it is, of course, not binding on the court. We recognize that the awarding of such an allowance to the wife for services of her attorneys is largely within the sound discretion of the court, and should be affirmed unless it appears that it represents an abuse of discretion in the circumstances of the case or is so excessive as to shock the judicial conscience. In our view the amount of attorney's fee allowed in this case was thus excessive and represented an abuse of discretion.
First, it would appear that in fixing the fee more weight should have been given to the amount upon which the wife and her attorneys had agreed, since the fee thus contracted for was by no means inadequate, being in excess of $50 per hour for the time expended. Secondly, an allowance of $100 per hour for the total hours of the services, without distinction as to the relative character or importance thereof, necessarily resulted in overpayment for those of the services which involved work of less importance, responsibility and expertise than the portions of the work which involved the framing of issues, legal research or the exercise of trial experience and technique. For example, half of the time expended by counsel, listed as "miscellaneous" services, whatever they were, did not involve preparation of pleadings, research of law or court work. Additionally, the rate of $100 per hour for such services on an across-the-board basis was approximately double the amount per hour to which such allowances on several occasions have been reduced by the courts. See Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206; Novack v. Novack, Fla.App. 1966, 189 So.2d 513; Trope v. Trope, Fla.App. 1970, 238 So.2d 486.
The award of attorney's fees in such cases should be made only for services that are shown to have been reasonably necessary. This case did not present substantial complexities. That was conceded by one of the experts testifying for the wife. The right to a divorce was easily established. Even the defendant's testimony revealed he had been guilty of a ground for divorce. The matter of custody presented no problem. The adultery issue, injected late in the case by an amendment to the answer, was tried at a single hearing. A considerable part of the litigation appears to have involved an effort on the part of the plaintiff to prove the husband's worth was greater than the two million or more which the trial court found he conceded he was worth, on the basis of which the allowances of the trial court were made. Since the needs of the wife were such as could be met by a husband worth two million, as readily as one worth more, the effort to show greater affluence was not worth the candle in this case. In Chaachou v. Chaachou, supra, the Supreme Court said: "The financial status of the husband should be inquired into only for the purpose of deciding whether he is able to pay reasonable attorneys' fees for services rendered to the wife by her counsel."
It has been held that courts should exercise care and caution in decreeing attorney's fees, to the end that only reasonable fees for services rendered be allowed. The number of hours of the services is not necessarily the basis for measure of the amount of fee to be awarded. The degree of responsibility undertaken, the complexity or otherwise of the litigation and the results thereof, considered with the "skill, experience, professional reputation and the *765 amount of his business" of the attorney or attorneys, are considerations upon which to gauge the reasonable value to be placed upon the services involved, consistent with fees usually charged for such services in the community. Baruch v. Giblin, 122 Fla. 59, 164 So. 831; Brickell v. Di Pietro, 152 Fla. 429, 12 So.2d 782.
In Baruch v. Giblin, supra, the Supreme Court said: "The court is an instrument of society for the administration of justice. Justice should be administered economically ly, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation."
Accordingly, the $85,000 fee awarded for the services of the wife's attorneys in this case is reduced to the sum of $45,000 (which includes the $5,000 previously required to be paid), and the judgment relating to said attorneys' fees is hereby so amended.
The appellee has also presented a point on appeal based upon her cross-assignments of error. She urges that the court erred in failing to find that the wife was entitled to a special equity in the husband's property or, in the alternative, a money judgment against the husband's family corporation. The finding of the trial court is previously quoted in footnote 6. The basis for the claimed special equity is the fact that one family home of which she was the record title owner was sold and the proceeds used by the husband. In view of the fact that a new and finer home was purchased and placed in the wife's name, there is no merit in the contention. The appellee has failed to demonstrate error under her cross-assignments.
The judgment is affirmed in part and reversed in part, and the cause is remanded for the entry of an amended judgment in accordance with the views herein expressed.
Affirmed in part, reversed in part, and remanded.
CARROLL, Judge (concurring in part and dissenting in part).
I concur in the opinion and judgment of the court except the affirmance of the grant of alimony to the wife, as to which I am impelled to dissent. I do not agree with the majority decision that approves the holding of the trial court in favor of the wife on the issue of her alleged adultery, which, if proved, would deprive her of alimony.
In my view the evidence clearly established inclination and opportunity, such as to lead the guarded discretion of a reasonable and just man to the conclusion that adultery occurred. In the situations disclosed, the testimony that was presented by and on behalf of the wife was so undeserving of credulity as to be incredible. The holding of the trial court on that issue was against the manifest weight of the evidence. Affirmance thereof by this court would appear to be contrary to the applicable law as pronounced in McMillan v. McMillan, 120 Fla. 209, 162 So. 524, 525; Engebretsen v. Engebretsen, 151 Fla. 372, 11 So.2d 322, 326-327; Benson v. Benson, Fla.App. 1958, 102 So.2d 748, 751; Leonard v. Leonard, Fla.App. 1972, 259 So.2d 529, 530.
PEARSON, Judge (concurring in part and dissenting in part).
I concur in the opinion and judgment of the court except for the revaluation of the amount of attorney's fees to the wife. The trial judge is in the best position to determine the complexity and difficulty of the case before him. Randall v. Randall, 158 Fla. 502, 29 So.2d 238 (1947). The amount awarded was considerably less than the fee announced in testimony of the wife's experts. In my view, the fee is supported by the record of this case and the time expended. Cf. Johnson v. Kruglak, Fla.App. 1971, 246 So.2d 617.
NOTES
[1] "(a) The defendant, Arie Lionel Bosem be and he is hereby directed to pay to the plaintiff the sum of $100,000.00, as and for lump sum alimony, the said sum to be paid as follows: The sum of $25,000.00 to be paid within 30 days from the date of entry of this final judgment; the sum of $25,000.00 to be paid seven months from said date; the sum of $25,000.00 to be paid thirteen months from the said date; and the sum of $25,000.00 to be paid nineteen months from the said date."
[2] "7. That the defendant, Arie Lionel Bosem, be and he is hereby further directed to pay for all medical, dental and orthodontic treatment and hospital care for the plaintiff and the minor children of the parties. The defendant-husband is further directed to pay for all drugs prescribed by physicians in connection with medical care of the plaintiff and the children of the parties."
[3] "8. That the defendant, Arie Lionel Bosem, be and he is hereby further directed to pay for all private or religious schooling for the minor children of the parties, which shall include attendance at private secondary schools and payment for college or university education."
[4] "9. That the defendant, Arie Lionel Bosem, be and he is hereby further directed to maintain and keep in full force and effect a life insurance policy, insuring his life in the sum of not less than $100,000.00 for the benefit of the two minor children of the parties, until both the said children reach their majority or become emancipated. That the said defendant, Arie Lionel Bosem, be and he is further directed to execute a waiver of his right to change beneficiaries of the said life insurance policy, and cause to be delivered to the plaintiff a true copy of such waiver on the form provided by the insurer, duly executed by him."
[5] "10. That the plaintiff be and she is hereby declared to be the sole owner, legal and equitable, of the house, the land on which it is situated and the personalty contained therein, located at 554 Lakeview Drive, Miami Beach, Florida. That the defendant, Arie Lionel Bosem's claim, alleged in the counterclaim of the defendants, of an interest in the said house and personal property contained therein be and it is hereby denied."
[6] "3. That the plaintiff's claim for a special equity in the defendant-husband's property or for an equitable lien upon the property owned by the defendant corporations be and it is hereby denied; and that the plaintiff's alternative prayer for a judgment in her favor against the defendant-husband and/or against the defendant corporations be and it is hereby denied."
[7] The record discloses, through the deposition of the wife, that she and her attorneys had a written agreement under which, for representing her in this case, they would receive $50 per hour for out-of-court work and $75 per hour for court work.

The allowance made by the court was almost double that for which the attorneys had bargained with the wife, and which marked her obligation to them for services. Allowance of such fees by the court, when provided for by law, is on a quantum meruit basis, and is not determined or controlled by a contract therefor which may have been made by such attorneys and their client, although the amount for which they have contracted may be taken into consideration by the court in fixing the fee to be allowed on a quantum meruit basis. See Ronlee, Inc. v. P.M. Walker Co., Fla.App. 1961, 129 So.2d 175, 176; Old Colony Insurance Company v. Bunts, Fla.App. 1971, 250 So.2d 291.