281 So.2d 399 (1973)
Charles N. DONNER and William I. Donner, As Personal Representative of the Estate of Samuel H. Donner, Deceased, Appellants,
v.
Ruth J. DONNER, Appellee.
No. 72-1491.
District Court of Appeal of Florida, Third District.
June 5, 1973.
Rehearing Denied September 4, 1973.
*400 Abrams, Anton, Robbins, Resnick & Schneider, Hollywood, Sam Daniels, Miami, for appellants.
Carr & Warren, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
Appellant-husband seeks review of a trial court order setting the wife attorney's fees at $85,000 in an uncontested divorce action.
A demand by the wife's attorney for $1,000,000 lump sum alimony and $1,000,000 at the death of the husband was rejected. The settlement was reached finally by the husband and wife themselves whereby the appellant agreed to pay the wife $427,000 lump sum alimony and leave her $1,000,000 more if she survived him and further agreed to pay her attorney reasonable attorney's fees. The wife filed a petition for dissolution of marriage and the husband filed a response agreeing to the requested relief. A final judgment dissolving marriage was entered on October 10, 1972. Thereafter, a hearing to determine the reasonable value of the services rendered by appellee's counsel was held on November 20, 1972. Expert testimony as to the value ranged from $20,000 to $125,000. Appellee's attorney was awarded $85,000.
On appeal, appellant husband contends that the trial court erred in finding the reasonable value of the services rendered by the wife's attorney to be $85,000.
It is basic that a fee to be awarded to a wife's attorney in a divorce action is largely within the sound discretion of the chancellor and an appellate court should affirm such an award unless the chancellor abused his discretion by awarding fees so grossly excessive as to shock the judicial conscience. Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206 and 10 Fla.Jur. Divorce § 144 (1956).
Turning to the case sub judice the attorney for the wife testified that he spent approximately 175 to 200 hours on the case, which was consumed primarily in the preliminary investigation of the husband's financial worth prior to negotiating the property settlement and handling the uncontested court proceedings.
If we take the high figure of 200 hours spent on the case, the fee would amount to approximately $425 an hour for services, which we find to be excessive.
Of course, we are cognizant of the fact that the true value of an attorney's services cannot be computed solely on an hourly basis. Fixing the amount of counsel fees as a general rule always presents a delicate question. Some of the elements usually considered are: services rendered, *401 responsibility incurred, the nature of the services, the skill required, the circumstances under which it was rendered, the ability of the litigants to respond, the value of the services to the client, and the beneficial results, if any, of the services. In short, the allowance made should square with fairness and justice to all alike under similar conditions and circumstances. Provus v. Provus, Fla. 1950, 44 So.2d 656.
In the case at bar, the fee allowed by the court did not exceed an amount recommended by the attorneys who testified in behalf of the wife with relation thereto. However, the fee was substantially in excess of the estimate therefor in the expert testimony on behalf of the husband. An allowance of $425 per hour for the total hours of the services, without distinction as to the relative character or importance thereof, necessarily resulted in overpayment for those of the services which involved work of less importance, responsibility and expertise than the portions of the work which involved the framing of issues, legal research or the exercise of trial experience and technique. See Bosem v. Bosem, Fla. App. 1972, 269 So.2d 758.
The award of attorney's fees should be made only for services that are shown to have been reasonably necessary. Bosem, supra.
The instant case involved an uncontested dissolution of marriage action. There were no children and thus no custody problems were presented. Further, the wife's attorney testified that he spent the major portion of his time in the case on the investigation of the husband's financial worth. The property settlement was reached by the parties themselves.
In addition, we noted that $425 per hour was far in excess of the amount per hour to which such allowances in several cases have been reduced. See Chaachou v. Chaachou, Fla. 1961, 135 So.2d 206; Novack v. Novack, Fla.App. 1966, 189 So.2d 513; Trope v. Trope, Fla.App. 1970, 238 So.2d 486; Bosem v. Bosem, Fla.App., 269 So.2d 758.
Accordingly, we find that a fee of $50,000 would constitute adequate compensation, considering the time spent and the benefit the wife obtained as a result of the attorney's investigation of the husband's financial worth and his negotiations in the property settlement.
The order of the lower court is reversed and the cause is remanded for the entry of an amended order in accordance with the view expressed herein.
Reversed and remanded.
HENDRY, Judge (dissenting).
I must respectfully dissent from the decision of the majority. In so doing, I will not attempt to repeat, in detail, the general principles of law cited by the majority in its opinion. Suffice it to say that the fee to be awarded the attorney in an action for dissolution of marriage is largely within the sound discretion of the chancellor and should not be set aside unless so grossly excessive as to shock the judicial conscience or to constitute an abuse of judicial discretion. I cannot agree that the fee awarded appellee's attorneys in the case sub judice meets such a test. Moreover, I do not believe that it is within the province of an appellate court to decide whether or not, had we been sitting in place of the nisi prius judge, we would have given more or less an amount to the attorney for his services. In re Straitz' Estate, Fla.App. 1962, 147 So.2d 172.
The record establishes that the investigations of the attorney for the appellee wife resulted in a final determination of appellant's wealth to be in the range of 7 to 11 Million Dollars, contrary to the original financial statements supplied by appellant.[1] This discovery, made through the diligent investigation of counsel, resulted in counsel being better able to protect his client's *402 interests and to ultimately arrive at a settlement agreement whereby appellee was to receive $427,500 lump sum alimony, tax free, and an additional $1,000,000, tax free if the wife survived the husband.[2] The record supports the statements of counsel that he advised his client how to personally negotiate with appellant to reach such a settlement when formal negotiations were unsuccessful. The results of counsel's efforts speak for themselves.
I am concerned by the majority's great reliance on the amount of actual time spent by counsel in this case and the break down of the total fee to a per hour estimate of what the attorney should receive. As the majority noted, the actual time spent on a case is but one factor to be considered in determining a just and reasonable fee. In fact, the actual time spent by an attorney has been recognized in some cases to be of minor importance, "since an experienced or skilful attorney might accomplish in a very short time what another would require a much longer time to accomplish." 7 Am.Jur.2d, Attorneys at Law, § 238; 7 C.J.S. Attorney and Client § 191, p. 1082.
The reliance of the majority on the case of Bosem v. Bosem, Fla.App. 1972, 269 So.2d 758, I find to be inappropriate. While the result of that case was the reduction of an $85,000 attorney's fee award to $45,000, the court noted that an agreement between the wife and attorney had been entered into setting the fee at $50 per hour for out-of-court work and $75 per hour in court time. See Bosem, supra, at note 7. While the court noted that the terms of the contract would not necessarily control the fee of an attorney on a quantum meruit basis the court continued: (269 So.2d 764)
"First, it would appear that in fixing the fee more weight should have been given to the amount upon which the wife and her attorneys had agreed, since the fee thus contracted for was by no means inadequate, being in excess of $50 per hour for the time expended."
No such contractual arrangement appears in the case sub judice.
Thus, while I realize that a fee such as the one before us is large, I cannot say that it is so unreasonable as to shock the judicial conscience or to constitute an abuse of judicial discretion requiring reversal or reduction. Lodding v. Dunn, Fla.App. 1971, 251 So.2d 560; Johnson v. Kruglak, Fla. App. 1971, 246 So.2d 617. Therefore, for the reasons stated and discussed, I would affirm the order of the trial court here under review.
NOTES
[1] Appellant's original financial statements reflected a net worth of approximately $2,800,000.
[2] An eventuality which we note has come to pass.