PER CURIAM.
The husband appeals an order entered in an action for dissolution of marriage approving and confirming a settlement agreement between the parties which included a provision for attorney’s fees to the wife’s attorney.
Ben Novack, appellant, and Jane Strong, appellee, were married in 1969. The marriage was dissolved by order of court on May 23, 1972, and the judgment therein reserved jurisdiction for the purpose of determining the “financial aspects of this suit.” On October 25, 1973, the husband and the wife entered into an agreement of settlement, without the knowledge of either party’s attorney, which provided inter alia for payment to the wife of a substantial sum of money in cash, execution and delivery by the wife to the husband of a quit claim deed to the marital residence, and dismissal of certain law suits with prejudice. The agreement also provided that “the amount of Thomas H. Anderson’s attorney’s fees shall be negotiated and determined between Mr. Anderson and Marion Sibley.” Mr. Anderson was the wife’s attorney.
On January 15, 1974, after a hearing on the wife’s motion for payment of attorney’s fees and approval of the settlement agreement herein, which was received in evidence, the chancellor approved and confirmed the agreement and directed the husband to pay the wife’s counsel, Mr. Anderson, the sum of $25,903 as and for attorney’s fees, which sum had been agreed upon by and between Mr. Sibley and Mr. Anderson; however, Mr. Sibley, in a letter to Mr. Anderson, dated November 15, 1973, agreed as to the total amount of the fee of $25,903 but stated that the question of which of the parties would be liable for the payment of the attorney’s fee was not the question with which he was to concern himself. It is the order of January 15, 1974, which is the subject matter of this appeal. The record reflects that prior to the entry of the order of January 15, 1974, on petition of the wife, testimony was taken as to reasonable attorney’s fees in this action for dissolution, at which time the court heard testimony as to reasonable attorney’s fees in excess of the amount agreed upon by Mr. Anderson and Mr. Sibley.
The main thrust of the husband’s appeal is that the court erred in ordering him to pay the wife’s attorney’s fees without a full hearing as to the wife’s necessity and the husband’s ability to pay especially in light of the fact that the wife had received a substantial property settlement. While the husband assigned as error ratification of the property settlement agreement, it was not seriously contended that he wished to disavow this agreement inasmuch as practically all the terms thereof had been already complied with by both parties, i. e., payment of money and execution of quit claim deed.
The wife contends that it was the clear intent of the settlement agreement that the husband was to pay her costs and attorney’s fees and that the matter of necessity and ability to pay was raised for the first time on appeal rather than in the trial court. The trial court had before it all the necessary facts in this regard. In fact, the husband represented to the court “. . . that he is in a financial position to satisfy any and all reasonable financial requirements this Court may see fit to impose on BEN NOVACK with regard to the Wife, JANE NOVACK.”
We are of the opinion that the property settlement agreement was properly ratified and confirmed by the trial court because of the fact that the terms thereof had been virtually complied with by both parties, and that at the hearing before the chancellor, there was no objection to the ratification and confirmation of the agreement.
From careful review of the record on appeal and the agreement of the parties, we are of the opinion that it was *864 the clear intent of the parties that Ben Novack pay his wife’s attorney’s fees in the sum agreed upon and the method set forth in the property settlement agreement, and that the court did not err in its order directing the husband to pay such attorney’s fees.
Affirmed.