341 So.2d 286 (1977)
Anne Lois BOROWIAK, Appellant,
v.
Edward Albert BOROWIAK, Appellee.
No. 76-544.
District Court of Appeal of Florida, Second District.
January 19, 1977.
Ronald J. Hoffer, Hoffer & Sheffey, Zephyrhills, for appellant.
William F. Brewton, Brewton & Council, Dade City, for appellee.
*287 PER CURIAM.
Anne Lois Borowiak appeals from a final judgment of dissolution of her marriage to Edward Borowiak which denied her attorney fees.
Appellee/husband petitioned for dissolution of marriage. In the petition, court approval of a previously-executed property settlement agreement was sought. The pre-dissolution agreement which had been prepared by appellee and his counsel provided for the division of various real and personal property. The agreement also provided that nothing in it would be construed to prevent institution of an action for dissolution of marriage subject to the following qualifications:
In any dissolution action, the Wife, provided the Husband is not in default under this Agreement, shall make no claim for alimony, either temporary or permanent, for support for the foster children, either temporary or permanent, or for attorney's fees, except in accordance with the provisions of this Agreement. (Emphasis added)
A subsequent paragraph of the agreement provided:
Husband agrees to pay attorneys fees for preparation of this instrument and any subsequent dissolution.
Appellant filed an answer and counterclaim in which she sought attorney fees and disposition of certain property not included in the property agreement. She did not attack the property settlement, but, like appellee, she sought dissolution and the court's approval of the property settlement and prayed for a reasonable attorney's fee in accordance with the last above quoted paragraph of the property settlement agreement.
The trial court granted the petition for dissolution. In its final judgment the trial court found the property settlement agreement had been executed voluntarily after full disclosure, approved the agreement, and denied appellant attorney fees.
We reverse. Under the agreement appellee agreed to pay attorney fees in any subsequent dissolution. In light of the amount of property involved here it would be illogical to assume that appellant would not desire to have her interests represented by counsel during such proceedings.[1] The trial court's denial of attorney fees was in effect an implicit rejection of that part of the property settlement agreement and was under these circumstances an abuse of discretion. See Byrd v. Byrd, 324 So.2d 659 (Fla.2d DCA 1976). In light of the agreement, appellant's financial need and appellee's ability to pay were not relevant considerations.
Accordingly, we reverse and remand for further proceedings in accordance with this opinion.
BOARDMAN, C.J., and HOBSON and SCHEB, JJ., concur.
NOTES
[1] While the total value of the real and personal property involved is not apparent from the record, the settlement agreement contained a valuation of part of the property totaling in excess of $70,000. In his brief appellee conceded that appellant would have been entitled to attorney fees had she initiated the dissolution.