MILLS, Judge.
Conrad appeals from a dissolution of marriage judgment awarding attorney’s fees to Vicki. He contends the trial court abused its discretion by rejecting that section of the parties’ post-nuptial settlement agreement which provided each would pay his or her own attorney’s fees, in light of the fact, the agreement was untainted by fraud, duress, or overreaching by either spouse. We agree and reverse.
From a comparative reading of the Owens’ agreement and the final judgment, it appears the trial court rejected the agreement as it concerned child care and custody, pursuant to its wide discretion in this area, and accepted those provisions which related to property, with the exception of attorney’s fees.
Under established Florida law, a settlement agreement in a divorce proceeding dealing solely with property cannot be voided by a trial court in the absence of fraud, duress, deceit, coercion or overreaching on the part of the party obtaining the agreement. Bubenik v. Bubenik, 392 So.2d 943 (Fla. 3d DCA 1980). Further, where a trial court implicitly rejects that part of a property settlement dealing with attorney’s fees, it is an abuse of discretion. Borowiak v. Borowiak, 341 So.2d 286 (Fla. 2d DCA 1977).
Accordingly, we reverse that portion of the decree which ordered Conrad to pay his wife’s attorney’s fees.
SMITH and THOMPSON, JJ., concur.