UPCHURCH, Judge.
The husband appeals from an order denying his petition for relief from a final judgment of dissolution. We reject the husband’s contention that the trial court should have set aside the parties’ property settlement agreement. However, we do agree with the husband that the amount of child support is excessive.
*565 The parties were married in 1962. They have one child, born in 1967, who suffers from brain damage and epilepsy and who, for the most part, is cared for in a group house supervised by the Department of Health and Rehabilitative Services.
In October, 1982, the wife petitioned for dissolution of the marriage. The following month, the parties executed a property settlement agreement. The agreement provided for shared parental responsibility of the child with primary residential care to be with the wife. The husband agreed to pay $600 per month child support and $600 per month alimony. He also agreed to transfer his interest in the house, furnishings and a car to the wife, to be responsible for medical and dental expenses for the wife and child, to provide medical insurance and to contribute $1000 to the wife’s legal fees. The husband was not represented by counsel but did appear at the final hearing. The trial court later entered a judgment which dissolved the marriage and incorporated the provisions of the agreement.
In October, 1983, the husband moved to set aside the judgment pursuant to Florida Rule of Civil Procedure 1.540(b) on the ground that he had not filed a financial affidavit and thus the court lacked jurisdiction to enter a final judgment adjudicating his ability to pay. In the alternative, the husband moved to modify the final judgment on the basis that his expenses had increased and that the agreement was unconscionable. The petition was denied and the husband was ordered to pay the support arrearages.
On appeal, the husband contends that the property settlement agreement was unconscionable. The husband claims that he did not read the agreement, that he was in a hurry on his way to work out of state, that he was not represented by counsel and that he never filed a financial affidavit. The trial judge concluded that the husband was in a hurry to get a divorce and to get remarried and that, by the husband’s hindsight, he might have made a bad deal. However, the court found no fraud or misrepresentation by the wife. The court also found the husband had the ability to make the required payments. The record supports these determinations and thus we conclude that the court was correct in refusing to set aside the agreement. See e.g., Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA 1981). However, we find that the court should have modified the judgment with regard to the child support.
The testimony reflects that the fee for maintaining the child in a group house is $416.00 per month, of which Social Security pays $244.30 per month. The wife also testified to certain expenses in connection with the child, such as $40.00 for transportation and $100.00 for schooling, but the items enumerated did not approach the $600.00 ordered by the court. We therefore reverse the order and remand with directions to award an amount of child support more in line with the amount actually expended by the wife.
AFFIRMED in part; REVERSED and REMANDED in part.
COBB, C.J., and COWART, J., concur.