BARKDULL, Judge.
The appellant wife and the appellee husband entered into a settlement agreement in contemplation of divorce, which provided that the husband would pay her attorney’s fees.
In due course a divorce action was commenced and after extensive litigation, it resulted in a final judgment of dissolution wherein the trial judge retained jurisdiction to award fees.
Thereafter, following taking of testimony, the trial judge determined that the wife’s attorneys were entitled to $29,000 as a reasonable fee for services in representing her during the “past year and through the trial and hearing on attorney's fees” but, only required the husband to pay $15,-000 of this amount. This appeal ensued.
The wife contends that under the following authority, Morris v. Morris, 481 So.2d 564 (Fla. 5th DCA 1986); Novack v. Novack, 305 So.2d 862 (Fla. 3d DCA 1974); See also Hancock v. Hancock, 417 So.2d 1046 (Fla. 4th DCA 1982); Davis v. Fisher, 391 So.2d 810 (Fla. 5th DCA 1980); Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958), the trial court was required under the agreement to make the husband pay 100% of the fee determined. The appellee responds that he is only required to pay reasonable fees incurred in connection with the representation of the wife in the dissolution proceedings. Trustees of Cameron-Brown Investment Group v. Tavormina, 385 So.2d 728 (Fla. 3d DCA 1980); Guthrie v. Guthrie, 357 So.2d 247 (Fla. 4th DCA 1978); Allstate Insurance Company v. Baer, 334 So.2d 135 (Fla. 3d DCA 1976); Bosem v. Bosem, 269 So.2d 758 (Fla. 3d DCA 1972).
*463 We recognize that where the husband agrees to pay a fixed amount, as in Novack, supra, the trial court should require him to discharge this obligation. We also recognize that in many instances counsel that represent a wife in domestic litigation may spend much time and effort that is either unnecessary or does not contribute to the resolution of the domestic litigation. See and compare Urbanek v. Urbanek, 484 So.2d 597 (Fla. 4th DCA 1986); Travieso v. Travieso, 447 So.2d 940 (Fla. 3d DCA 1984); Guthrie v. Guthrie, supra; Donner v. Donner, 281 So.2d 399 (Fla. 3d DCA 1973). The wife may be obligated to her attorneys for the work expended on her behalf in its entirety, but the husband under his agreement to pay fees should only be required to pay those fees reasonably and necessarily incurred in representing a party in the domestic litigation. It appears from the limited record[1] that the trial judge exercised his discretion in apportioning the fee awarded.
The order under review arrived in this court with a presumption of correctness. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Howard v. Howard, 467 So.2d 768 (Fla. 1st DCA 1985); Schwartz v. Schwartz, 431 So.2d 716 (Fla. 3d DCA 1983). It is incumbent on an appellant to make error appear. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1980); Lahr v. Lahr, 337 So.2d 837 (Fla. 2d DCA 1976); Storer v. Storer, 305 So.2d 212 (Fla. 3d DCA 1974). We fail to find, from the limited record before us, that the trial judge abused his discretion in the entry of the order under review and therefore it is affirmed.
Affirmed.

. Notwithstanding this court’s order relinquishing jurisdiction to the trial court for purposes of constructing a record pursuant to Rule 9.200(b)(3) F.A.R., the appellant has not favored us with a record, but with a very limited stipulated statement.