513 So.2d 733 (1987)
W. Mark TUCKER, Appellant,
v.
Carolyn B. TUCKER, Appellee.
No. 86-1831.
District Court of Appeal of Florida, Second District.
October 2, 1987.
*734 A. Ann Arledge and David A. Maney of Maney, Damsker & Arledge, P.A., Tampa, for appellant.
Martha-Irene Weed of Mitcham, Weed, Barbas, Allen & Morgan, and Stevan T. Northcutt of Levine, Hirsch, Segall, Northcutt & Hanlon, P.A., Tampa, for appellee.
FRANK, Judge.
The ex-husband, W. Mark Tucker, appeals from the trial court's order awarding nearly $32,000 in attorney's fees, accounting fees and costs to the ex-wife.
To achieve the resolution of their marital difficulties, the ex-husband and his ex-wife entered into a comprehensive settlement agreement on the eve of the final hearing. That agreement embodied an understanding that the ex-husband would be responsible for "a reasonable attorney's fee" to be paid the ex-wife. At the final hearing, devoted solely to the question of fees to be paid the ex-wife, counsel for the parties tendered proof in support of their respective positions. The testimonial evidence described an attorney's fee ranging from $5,100 to approximately $27,000. The trial court awarded the ex-wife an attorney's fee in the amount of $25,000, accounting fees in the amount of $6,425 and court costs totaling $502.15. The ex-husband's challenge to the trial court's order, confined to the amount of attorney's fees granted the ex-wife, is bottomed upon two contentions; 1) that the ex-husband's financial ability, excluded from proof by the trial court, was a proper subject for consideration in determining the amount of the attorney's fee to be awarded the ex-wife and 2) the failure of the ex-wife's counsel to provide the actual time records developed in the course of representing the ex-wife. We reverse.
Before turning to a consideration of the ground upon which we reverse the trial court's order, we are moved to observe that the ex-husband's attack upon the trial court's refusal to receive evidence bearing upon his financial status, as it would affect his agreement to pay a reasonable fee, fails to include any reference to our decision in Borowiak v. Borowiak, 341 So.2d 286 (Fla. 2d DCA 1977), in which it is stated that "[i]n light of the agreement, appellant's financial need and appellee's ability to pay [are] not relevant considerations." 341 So.2d 287. In the face of Borowiak and the absence of a compelling reason offered by the ex-husband to depart from its language, we reject his quarrel with the trial court's evidentiary ruling. In doing so, however, we do not ignore the imperative that a trial court's discretionary power to award an attorney's fee is at all times governed by a standard of reasonableness. See, e.g., Rule 4-1.5(B), Rules Regulating the Florida Bar. In the present context, the question of whether the trial court's grant of a $25,000 fee to the ex-wife was reasonable can be reached without regard to the ex-husband's ability to pay that amount; a reasonable fee is to be measured and assessed pursuant to the principles enunciated in Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). This court has made plain that Rowe is applicable to attorney fee determinations undertaken in the course of dissolution proceedings, Winterbotham v. Winterbotham, 500 So.2d 723, 724 (Fla. 2d DCA 1987), and we have said that compliance with Rowe requires specific findings as to the reasonable hourly rate and the reasonableness of the hours expended. Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986). See also Glades, Inc. v. Glades Country Club Apts. Ass'n., Inc., 502 So.2d 1368 (Fla. 2d DCA 1987); Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987); Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986). Our review of the record fails to disclose the fulfillment of those prescriptions. *735 After commenting upon the conflicting testimony of two expert witnesses, the trial court merely announced its conclusion that a $25,000 attorney's fee is reasonable. It made no specific determination as to a reasonable hourly rate or a specific finding of the reasonableness of the hours asserted by the ex-wife's attorney to have been required in representing the ex-wife.
A further consideration deriving from Rowe, which is independently sufficient to warrant reversal of the attorney's fee award, is that the ex-wife's attorney tendered an affidavit in support of the expended hours, but she did not furnish either the trial court or the husband's attorney with all of her actual time records. The reason expressed at the hearing to excuse the non-production of approximately one-half of the time records was that they contained confidential notations. The trial court's suggestion that the records could be sealed and considered in camera was rejected by the ex-wife's attorney on the ground that the notations enjoyed work product and confidentiality privileges barring even the trial court's scrutiny. We are not unmindful that a circumstance not attributable to the claimant may arise precluding the presentation of time records, but that is certainly not the case here. It is our opinion that the adumbrated version of the hours consumed in representing the ex-wife falls short of the mark contemplated in Rowe:
Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee. (Citations omitted). To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed. Counsel is expected, of course, to claim only those hours that he could properly bill to his client. Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary.
472 So.2d at 1150.
Our concern stemming from the limited exposition of time records is heightened, indeed, by a seeming disparity between the hours devoted to litigation and the total hours claimed by the ex-wife's attorney. The record leaves undifferentiated the number of hours the ex-wife's attorney expended in matters which are properly compensable and the hours which may not fall within the range of essential services. See Matusow v. Matusow, 498 So.2d 462 (Fla. 3d DCA 1986). A review of the ex-wife's attorney's time records, in their entirety, is critical to determining the propriety of the many hours expended on the ex-wife's behalf. In the event, however, counsel for the ex-wife adheres to her declination to reveal such records, the reasonable hours are to be ascertained from those documents which are presented and subjected to examination by the ex-husband's attorney.
Accordingly, we vacate that aspect of the trial court's order assessing a fee in the amount of $25,000 against the ex-husband and remand this matter with instructions that the trial court conduct an evidentiary hearing with respect to each applicable aspect of Rowe and that it enter an order setting forth specific findings upon which it bases the award of an attorney's fee to the ex-wife.
CAMPBELL, A.C.J., and LEHAN, J., concur.