## IN RE: MARRIAGE OF TUCKER, k/n/a BECKNER
### Case No. 85-15153
Thirteenth Judicial Circuit, Hillsborough County
August 2, 1988

### OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

### *ORDER AWARDING ATTORNEY'S FEE*

This cause comes before the Court upon remand from the District Court of Appeal of Florida, Second District, Case No. 86-1831, filed October 2, 1987, reported in 513 So.2d 733, cert. denied, 518 So.2d 275 (Fla. 1987).

As a part of a martial settlement agreement, the now ex-husband, W. Mark Tucker, agreed to pay all reasonable attorney's fees and costs for the representation of the now ex-wife, Carolyn Beckner, formerly Carolyn B. Tucker, the reasonable amount of which to be decided by the court.

Pursuant to the agreement, a predecessor judge, Honorable Phillip L.

Knowles, conducted an evidentiary hearing and awarded the sum of $25,000 as an attorney's fee to the ex-wife. Subsequent to the appellate remand, Judge Knowles excused himself from presiding over this case.

In reversing the award of the attorney's fee to the ex-wife the District Court of Appeal found error by the trial court in failing to make specific findings required by *Florida Patients Compensation Fund v Rowe*, 472 So.2d 1145 (Fla. 1985) and in condoning the refusal of the attorney for the ex-wife to produce her time records for scrutiny.

The remand instructs this Court to conduct an evidentiary hearing with respect to each applicable aspect of *Rowe* and to enter an order setting fort specific findings upon which it bases the award of an attorney's fee to the ex-wife.

Upon being assigned to preside over this case, the undersigned judge conducted evidentiary hearings on April 27, 1988 and June 23, 1988 and has received written arguments of counsel.

At the close of the evidence the court was confronted with two unresolved rather unique legal issues raised by counsel concomitant with the express assignment of the District Court of Appeal:

Is the deposition of the attorney for the ex-wife seeking an award of an attorney's fees considered the same as the deposition of a party and thus admissible in evidence at the instance of the adverse party, ex-husband, pursuant to Rule 1.330(a)(2) F.R.C.P., as the deposition of a party?

Should a party be awarded an attorney's fees for post-appeal services necessitated by that party's conduct which resulted in reversal on appeal?

Upon consideration of the evidence and arguments the court concludes and finds:

A. The deposition of Martha-Irene Weed, Attorney for the ex-wife, which was offered in evidence under Rule 1.330(a)(2) F.R.C.P. by counsel for the ex-husband, as being equivalent to the deposition of a party, is not admissible in evidence and cannot be considered by the court. The rule is explicit as to who may be considered a party for the purpose of using a deposition by the adverse party. I am unable to find any authority which extends the definition of a party to a party's attorney as being within the intent of the rule notwithstanding the fact that the attorney may be the ultimate beneficiary of the decision to be made. This court has no authority to graft on the exception to the rule requested by counsel for the ex-husband and therefore sustains the objection by counsel for the ex-wife to the admissibility of her deposition.

B. The request of the ex-wife for an award of an attorney's fee for the post-appeal services rendered by her attorney in connection with the remand proceedings should not be granted for the following reasons:

(1) The instructions of the District Court of Appeal did not include a direction to award a post-appeal attorney's fee to the ex-wife for the remand proceedings.

(2) The agreement of the parties, providing for the payment by the ex-husband of the ex-wife's reasonable attorney's fee, did not specify or contemplate remand proceedings in the event of an appeal.

(3) The remand proceedings were required as a consequence of the refusal of the ex-wife's attorney to make her time records available, even for the trial judge's scrutiny in camera, and because of the lack of specific findings of the reasonable hourly rate and the reasonableness of the hours expended in the order entered by Judge Knowles.

In its opinion, the District Court of Appeal stated that the refusal to produce time records "is independently sufficient to warrant reversal of the attorney's fee award."

As to the absence of *Rowe* findings, it was incumbent upon the ex-wife's counsel to request of the trial judge that he make the findings required by the *Rowe* case. The record does not reveal such a request.

The Court assumes that the ex-husband has had to incur an attorney's fee for his attorney's services rendered in the appeal and post-appeal remand proceedings for which he cannot be reimbursed. He should not be further burdened with the attorney's fee expense of his ex-wife caused by her procedural conduct.

C. The ex-wife's contract for the services of her attorney provides for an hourly rate of "no less than $135/150 per hour." After considering the criteria contained in Rule 4-1.5(B), Rules Regulating The Florida Bar, I find that $150 is a reasonable hourly rate for the services of the ex-wife's attorney in this case.

D. The time records of the attorney for the ex-wife were received in evidence during the remand proceedings pursuant to the appellate decision. The total time indicated and asserted as being reasonable by the ex-wife is 133 hours and 55 minutes prior to the appeal. The ex-husband challenges the reasonableness of the time claimed and asserts that the time records and other evidence indicate fraudulent alterations, duplication of time spent with experts, exaggerated time with third parties and much handholding time, which should not be chargeable to him. He suggests that no attorney's fee should be awarded due to the

**39**

alterations but, alternatively, if an award is made the reasonable hours are 37.5.

The court is not convinced that the alterations were fraudulently made. However, the time records and other evidence indicate an inordinate amount of time spent by counsel for the ex-wife under the circumstances of this case, the payment for which should not be the responsibility of the ex-husband.

A less experienced attorney, without the expertise in the area of family law that the ex-wife's attorney has, might be expected to devote a similar amount of time for pre-trial preparation as she did. However, the hourly rate for the services of such an attorney would be substantially less.

Admittedly, much of the claimed time was consumed by the ex-wife's attorney as a result of her client's emotional problems, which were precipitated by events unrelated to the marriage or its breakup. Such time spent should not be chargeable to the ex-husband as legal services.

The court finds that the reasonable time expended by the ex-wife's attorney is 90 hours and 25 minutes.

E. The lodestar is $13,537.50. (90 hours and 25 minutes, multiplied by $150 per hour)

F. The court finds no basis for either reduction or enhancement of the lodestar amount.

It is therefore,

ORDERED AND ADJUDGED that:

1. The ex-husband, W. Mark Tucker, shall pay to Martha-Irene Weed, attorney for the ex-wife, Carolyn B. Tucker n/k/a Carolyn Beckner, for her legal services rendered in this cause the sum of $13,537.50.

2. The court retains jurisdiction to determine when payment shall be made or to consider the entry of a judgment for said attorney's fees, if payment is not promptly made, and to otherwise enforce this order, upon application of either party.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 2nd day of August, 1988.