PER CURIAM.
In this dissolution of marriage action, Petitioner seeks certiorari review of an order compelling her to disclose to Respondent written communications from Petitioner to her former attorney relating to the parties’ antenuptial agreement, the construction and interpretation of which are at issue in the dissolution, and permitting the attorney to be deposed concerning those documents.
Although the trial court determined that the documents in question were not privileged after in camera inspection, the wife has provided this court with those documents under seal, and they appear to be privileged. The husband suggests the wife’s listing the former attorney and the attorney’s records custodian on her witness list and listing correspondence between the wife and her former attorney generally on her exhibit list in the wife’s pretrial statement constituted a waiver of the documents in question under Savino v. Luciano, 92 So.2d 817, 819 (Fla.1957) (holding defendant’s reliance on audit for defense waived accountant-client privilege as to audit during discovery). However, the wife certainly may choose to introduce and have her former attorney testify concerning non-privileged documents from the attorney’s file without waiving her privilege as to other privileged documents. Cf. Cuillo v. Guillo, 621 So.2d 460 (Fla. 4th DCA 1993).
Accordingly, we grant the petition and quash that portion of the order on review which requires disclosure of the sealed documents and the deposition of the attorney *357 insofar as it concerns privileged communications concerning them. Nevertheless, the court may require the wife to submit a more detailed pretrial statement specifically identifying those documents, whether otherwise privileged or not, which she intends to use as exhibits or have witnesses rely upon in testifying at trial, and may prohibit her from utilizing at trial any which are not disclosed to the husband during discovery. The court may also restrict counsel from testifying as to any communications with respect to which a privilege has been claimed.
Nothing contained herein shall be construed as restricting further inquiry, or entry of enforcement orders, concerning disclosure of counsel’s proposed testimony. Additionally, as the primary issue in question was initially raised by Petitioner, this opinion shall not be construed as restricting further in camera review at such time that the nature of counsel’s direct testimony is disclosed.
STONE, C.J., and POLEN and PARIENTE, JJ., concur.