764 So.2d 650 (2000)
June M. SMITH, Petitioner,
v.
Kirk M. SMITH, Respondent.
No. 1D99-3716.
District Court of Appeal of Florida, First District.
May 15, 2000.
*651 John L. Myrick of Myrick & Davis, P.A., Pensacola, for Petitioner.
E. Jane Brehany, Pensacola, for Respondent.
LAWRENCE, J.
June M. Smith (petitioner/wife) petitions for a writ of certiorari to review a discovery order entered in a dissolution proceeding with Kirk M. Smith (respondent/husband). We grant the writ, and quash the order below.
David Levin (Levin), the prior attorney of the petitioner/wife, requested from the respondent/husband an attorney's fee for his representation of the wife from October 1998 through May 1999. The trial court, pursuant to the husband's motion, ordered that information contained in the wife's client file be reviewed by an "objective third party attorney" to determine the reasonableness of Levin's requested fee. The September 8, 1999 order further provides: "The third party attorney expert shall not communicate information contained in the file other than as may be necessary to verify the time sheets and time entries made as being reasonable."
The petitioner who seeks a writ of certiorari must show either that the trial court exceeded its jurisdiction or departed from the essential requirements of law. Steele v. Davis, 667 So.2d 264, 264 (Fla. 1st DCA 1995). The Florida Code of Professional Responsibility mandates that a client's matters remain confidential, except in limited circumstances. R. Regulating Fla. Bar 4-1.6. The trial court admitted that there is no authority for the disclosure ordered either in the Rules Regulating the Florida Bar, or in the Florida Evidence Code. § 90.502, Fla. Stat. (1999). The order below thus is a departure from the essential requirements of law.
Both parties nevertheless discuss a case from a sister court, Tucker v. Tucker, 513 So.2d 733 (Fla. 2d DCA 1987) (reversing a trial court's fee award due to the absence of underlying time sheets). Therein the court said:
After commenting upon the conflicting testimony of two expert witnesses, the trial court merely announced its conclusion that a $25,000 attorney's fee is reasonable. It made no specific determination as to a reasonable hourly rate or a specific finding of the reasonableness of the hours asserted by the ex-wife's attorney to have been required in representing the ex-wife.
. . . .
Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee. To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed. Counsel is expected, of course, to claim only those hours that he could properly bill to his client. Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary.
Id. at 735 (emphasis added). No party to the instant proceeding however claims that time records are omitted, or that time records lack sufficient detail. Detailed time records indeed appear in the record. The Tucker case furthermore makes clear that it is the duty of the trial court to make the findings required for a fee; nothing in Tucker supports the need for an independent court expert to determine a fee, much less to examine a client's confidential file.
The trial court of course is free to conduct an in camera review of the petitioner's *652 client file if the court's review of Levin's time records suggests the need. See Coleman v. Primeau, 698 So.2d 356, 357 (Fla. 4th DCA 1997) ("this opinion shall not be construed as restricting further in camera review") (granting, in a dissolution action, a petition for writ of certiorari to review the trial court's discovery order despite a claim of attorney-client privilege, and quashing the order).
We therefore find that the order below departs from the essential requirements of law. We thus grant the petition for writ of certiorari, quash the order, and remand for consistent proceedings.
WOLF and BROWNING, JJ., CONCUR.