PER CURIAM.
The question on this appeal is whether the probate judge erred in granting a $10,-000.00 attorney’s fee in the $327,526.92 estate of Nathaniel W- Dean, deceased.
Appellant-beneficiaries contend that the amount awarded was not shown to be reasonable in that inter alia the attorney kept no time charts to demonstrate the time devoted to the estate. At the time of hearing on the petition for fees W. M. Kennedy, attorney for the estate, offered the testimony of three attorneys who testified that a reasonable fee would be from $10,000 to $13,500.00. The appellant-respondents offered no testimony at this hearing.
The decedent’s estate was to be converted to cash and distributed in forty-two parts. One of the beneficiaries was deceased. Attorney W. M. Kennedy testified that he had prepared and filed the necessary papers and guided the administration of the estate throughout its course to the point of distribution; that he had practiced law for approximately forty-eight years and that his practice is composed primarily of estate work. The estate’s appraised *66 value was, as noted, $327,526.92, and the ultimate value at time of distribution was $344,504.74. The fee allowed was less than $500.00 above the minimum fee schedule of the Lake-Sumter Bar Association adopted about ten years ago and was based upon the appraised value of the estate as of the date of decedent’s death.
It is well established that the probate judge may take into consideration the value of an estate when he sets the attorney’s fee. Although keeping time charts is a commendable practice, the failure of the attorney to keep such charts does not preclude the court from taking cognizance of the basic services necessarily performed by the attorney and the beneficial results thereof where the estate appears to have been properly administered. In probating estates the attorney is required to furnish legal guidance and supervision over the entire course of the administration, arranging for, reviewing and filing account-ings, obtaining tax clearances, filing publication of notices and taking ether steps involving dead lines. His knowledge, skill, experience and professional reputation are proper subjects to be considered, together with the burden of responsibility to the estate and to the court. The customary charges for similar services also furnish a guide for the determination of a reasonable fee.
In a comparatively recent and informative case, the Supreme Court of Florida said:
“The ascertainment of just and reasonable attorneys’ fees in estate proceedings is somewhat more difficult than the determination of fees for a personal representative for the reason that there is no statutory guide therefor, and for the further reason that many elements go into the setting of such a fee.
“Most local bar associations have, in their minimum fee schedules, established a guide for determining a reasonable fee for usual or ordinary legal services in probate proceedings. >}« $
* * * * * *
“It seems logical that in allowing an award of attorneys’ fees the court could well award a sum for ordinary legal services, which sum should be calculated on the vahie of the estate involved, * * (Emphasis added.) In re Lieber’s Estate, Fla.1958, 103 So.2d 192, 201.
The order under review appears not to be unreasonable.
Affirmed.
ALLEN, Acting C. J., and KANNER and WHITE, JJ., concur.