223 So.2d 787 (1969)
In re ESTATE OF Charles N. McCUNE, Deceased.
No. 2649.
District Court of Appeal of Florida. Fourth District.
June 13, 1969.
*788 Carl A. Hiaasen, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellant Broward Nat. Bank of Fort Lauderdale, as Executor.
Carl W. Turner, of Frazier & Turner, Fort Lauderdale, for appellee Robert McCune.
MORROW, RUSSELL O., Associate Judge.
Robert McCune, appellee, was one of eleven male income beneficiaries under a trust created by decedent's will and codicil; upon the death of each beneficiary, the income was to be paid to his widow, if any. The executor (appellant) obtained an order from the probate court that the bequest of income rights to the widows was invalid. The appellee, acting by himself, then appealed the lower court's order to this court, which reversed the judgment and held that the bequests were valid. In re Estate of McCune, Fla.App. 1968, 214 So.2d 56. This court, however, denied Robert McCune's motion for attorney's fees without giving the grounds therefor.
The appellee then petitioned for attorney's fees in the probate court on the grounds that he had benefited the estate. Section 734.01(2), F.S. 1967, F.S.A. At the hearing on this motion, an attorney called by appellee testified that, in his opinion, the attorney for appellee was entitled to $15,000.00 for his services.
Subsequently, the county judge entered an order awarding appellee's attorney the sum of $7,500.00. The present appeal is from this order.
*789 The appellant attacks the above order on three basic grounds: (1) that the county judge did not have the jurisdiction to allow attorney's fees on appeal, because F.A.R. 3.16(e), 32 F.S.A., places such power with the appellate court; (2) that even if the county judge had the authority to grant the fees, he was precluded from doing so by the prior denial of the motion for attorney's fees by this appellate court; and (3) that in any case, the county judge should not have charged the fees against the residue of the estate, but only against that particular trust whose beneficiaries were benefited by the activity of appellee's attorney.
The first and second issues appear to be settled by the Supreme Court decision in the case of In re Garvey's Estate, Fla. 1969, 219 So.2d 685, affirming the Third District Court of Appeal's decision at 212 So.2d 790.
Under Article V, Section 7 of the Florida Constitution, F.S.A., probate courts have exclusive jurisdiction over the "settlement of estates of decedents." This includes attorney's fees for services rendered the estate in the appellate court. However, the appellate court has jurisdiction to adjudicate fees pursuant to F.A.R. 3.16(e), against an adverse party when an estate is successful in an appellate matter. Neither jurisdiction interferes with the other. This court, being without jurisdiction, denied the appellant's motion for attorney's fees in the former appeal of this case.
In the last cited case the Supreme Court stated in part:
"The fees `allowable by law' under the Rule [F.A.R. 3.16] are those properly allowable by an appellate court, and we find no expressed or implied intent that the probate court be divested of its authority under the Constitution and statutes applicable here.
"* * *
"With the qualification stated in the opinion below, preserving the right of appellate courts to adjudicate fees allowable against adverse parties under the rule, we find the decision should be sustained."
On this third point which was not raised on any assignment of error, the appellant contends that the charitable trust was harmed by the creation of a large estate tax against such trust when certain bequest rights to widows are declared valid in the former appeal, also that no service was rendered to the estate for which attorney's fees could be allowed and in any event the residue should not be charged for such service.
The validating of the bequest rights was carrying out the testator's intent. This is decidedly rendering service to an estate regardless of how the tax assessment falls.
Finally, appellee contends on cross-assignment of error that, since the only testimony on the value of the attorney's services set the amount at $15,000.00, the county judge erred in allowing only $7,500.00. The rule is that the county judge's conclusion as to the value of services rendered by an attorney will not be disturbed in the absence of a clear showing of abuse of judicial power. In re DuVal's Estate, Fla.App. 1965, 174 So.2d 580. There is nothing to indicate that such abuse was present in this case; the judge simply did not accept the full figure calculated by appellee's expert witness.
The appellee's petition for attorney's fees in this appeal is denied without prejudice to his right to petition for the same in the probate court.
Affirmed.
REED and OWEN, JJ., concur.