323 So.2d 51 (1975)
In re ESTATE OF Michael RYECHECK, Deceased.
W.J. CALLAHAN, Individually and As Executor of the Estate of Michael Ryecheck, Deceased, and Edward C. Vining, Jr., Appellants,
v.
ESTATE of Leona Migon, Appellee.
Nos. 75-499, 75-531.
District Court of Appeal of Florida, Third District.
December 2, 1975.
*52 Edward C. Vining, Jr., Miami, for appellants.
Richard Karl Goethel, Coral Gables, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
W.J. Callahan as executor of and Edward C. Vining, Jr., as attorney for the estate of Michael Ryecheck challenge respective awards of $17,000 and $30,000 for their services as inadequate.
In 1974 Michael Ryecheck died and left an estate valued in excess of $477,000. Appellant Callahan was appointed executor and appellant Vining attorney for the estate. With the exception of a brief will contest which was settled on the initiative of the contestant's attorney, the administration of the estate proceeded smoothly. Thereafter, Vining petitioned for attorney's fees of $45,000 (450 hours at $100 per hour) and Callahan for ordinary and extraordinary services of $27,500. The petitions were opposed by the attorney for the residuary legatee. At the hearing on these petitions, Vining testified that the 450 hours was an educated guess. Two lawyers testified that Vining's services were worth between $45,000 and $50,000. The chancellor entered his order awarding Vining $30,000 and Callahan $17,000.
Appellants argue that where there were neither objections nor opposing testimony, the court erred in awarding the above fees in disregard of the uncontroverted evidence. We cannot agree.
The testimony of expert witnesses is to aid and assist in the determination of the amount of fees recoverable, but such testimony is neither conclusive nor binding on the court. Folmar v. Davis, Fla.App. 1959, 108 So.2d 772. The court was not compelled to make an award within the range set by the expert testimony.
An order of a probate court rendered in the exercise of its lawful discretion is clothed with a presumption of correctness and will be disturbed on appeal only upon a clear showing by the appellant that it is contrary to the manifest weight of the evidence. In re Estate of Hobein, Fla.App. 1970, 238 So.2d 497. We conclude appellants *53 have failed to make error clearly appear as we find the fees awarded were not unreasonable when the estate at the time of distribution had a value of approximately $300,000 and the administration proceeded fairly smoothly. Cf. In re Dean's Estate, Fla.App. 1962, 144 So.2d 65.
The awards herein appealed are affirmed.