357 So.2d 247 (1978)
Lewis GUTHRIE, Appellant,
v.
Hilda GUTHRIE, Appellee.
No. 76-1003.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Michael N. Gomes of Weck & Stone, Pompano Beach, for appellant.
Martin Zevin, Fort Lauderdale, and S. Robert Zimmerman, Pompano Beach, for appellee.
*248 DOWNEY, Judge.
The husband appeals from an order awarding an attorney's fee to counsel for the wife for services rendered on appeal from the final judgment of dissolution of marriage.
A final judgment of dissolution was entered awarding the wife, among other things, exclusive possession of the jointly held marital domicile, $400 per month alimony and attorney's fees in the amount of $1000. The wife appealed setting forth seven points for review. This court in Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975), reversed on two of said appellate points and directed the trial court to 1) give the wife credit, upon a sale of the marital domicile, for one-half of the mortgage payments, interest, taxes, insurance and repairs, and 2) increase the award of alimony. This court also directed the trial court to determine the amount of attorney's fees to be awarded to the wife's counsel for services rendered during the appeal. Upon remand the trial court awarded the wife's counsel $8000 for said attorney's fees. This appeal by the husband concerns that award.
The wife's counsel testified that he spent ninety-one hours on the appeal, twenty of which were in conference with his client. It was necessary, counsel testified, for him to confer with his client to determine what points should be raised on appeal and what should be included in the appendix. In addition, the client participated with counsel in redrafting the several rough drafts of appellant's briefs.
We are not insensitive to the fact that matrimonial litigation is often more emotionally charged than the usual case and that clients in this type of case frequently require more "nursing" than the average client. However, we have re-examined the briefs involved in the original appeal and find the points raised are routine issues involved in dissolution cases. Thus, the ninety-one hours spent in submitting the appeal on behalf of the appellant simply cannot be justified. We also see no justification for the expenditure of twenty hours conference time with the client for an appeal. The fact that appellant was very emotional and persistent in nature does not mean that all of the time spent with her was reasonably necessary and that is the test in assessing fees against the opposing party, Allstate Insurance v. Baer, 334 So.2d 135 (Fla. 3rd DCA 1976). Work done that is not reasonably necessary but performed to indulge the eccentricities of the client should more properly be charged to the client rather than the opposing party.
We note further the award of an attorney's fee for the trial court proceeding which produced a record of over 600 pages and a transcript of over 200 pages was only $1000.
In summary, we have closely considered this record, the briefs from the original appeal, and all of the contentions of the appellee in order to find support for the amount of the fee awarded for that appeal and we cannot do so. We conclude that the services rendered herein cannot justify a fee of $8000. In reaching that conclusion we are not unmindful of the fact that appellant adduced the testimony of a lawyer who opined a fee of $9000 was reasonable.
Accordingly, we reverse the order appealed from and remand the cause with directions to enter an order allowing counsel for the wife a fee of $5000.
REVERSED AND REMANDED with directions.
ALDERMAN, C.J., and CROSS, J., concur.