BERANEK, Judge.
This is an appeal by Victory Construction, Inc., a creditor of the estate of Robert J. Granger, from an order entered in the probate proceeding below. The order in question denied Victory’s petition to set aside a previous order allowing attorney’s fees for services to the estate. The order also denied Victory’s petition for payment of a claim against the estate. We affirm.
In 1974, Attorney Howard Hirsch was hired by Robert Granger to sue U. S. Home Corporation. Suit was filed in 1974 and Robert Granger died in 1975. His widow, the executrix of his estate, continued Hirsch’s employment. The suit eventually *312 terminated in favor of the plaintiff. The administratrix of the estate had been substituted as plaintiff in her representative capacity. The case involved complex litigation, two appeals to the Fourth District Court of Appeal, a proceeding before the Florida Supreme Court, and eventual collection of the sum of $103,634.63 on March 12, 1979. The litigation spanned almost six years.
The parties agree that counsel was entitled to be compensated for the reasonable value of his services to the estate. The issue on appeal is the amount of fees awarded. The trial court awarded a fee of 50 per cent of the recovery, or approximately $51,000. It is undisputed that the estate of the decedent would have been totally without assets but for the lawsuit against U. S. Home Corporation. The trial court determined this was a reasonable fee based upon evidence of 500 hours of work by Attorney Hirsch, a complex lawsuit involving novel questions, a total absence of assets in the estate and the numerous other factors contained in the canons governing reasonable fees. The expert testimony from attorneys on the subject was that the fee could range from $25,000 to “$50,000 as a minimum.” The attorney who testified to the $50,000 figure was of the opinion that this fee was reasonable based on either quantum meruit or on a contingency basis. We conclude that appellant has failed to demonstrate an abuse of discretion or error by the trial court in the determination of this attorney’s fee. In re Estate of McCune, 223 So.2d 787 (Fla. 4th DCA 1969), and In re Estate of DuVal, 174 So.2d 580 (Fla.2d DCA 1965).
Appellant also asserts error in the trial court’s determination as to the priorities of claims pursuant to Section 733.707, Florida Statutes (1979). Specifically, the trial court found that the claim of Victory Construction against the estate was a class 7 priority, rather than a class 1 priority under the statute. We find no error in this regard and affirm.
AFFIRMED.
ANSTEAD and HERSEY, JJ., concur.