402 So.2d 26 (1981)
In re The ESTATE OF Morris SIMON, Deceased.
Dr. Sidney SCHREIBER, As Administrator of the Estate of Pearl Simon, Deceased, Appellant,
v.
Alfred R. PALMER, Appellee.
No. 80-1535.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Rehearing Denied September 4, 1981.
*27 Golding & Wagenheim and Sheldon Golding, Fort Lauderdale, for appellant.
Erstling & Erstling and Julius H. Erstling, South Miami, for appellee.
Before HUBBART, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Dr. Sidney Schreiber, as administrator for the estate of Pearl Simon, appeals from a circuit court order awarding a fee of $25,000.00 to appellee, Alfred R. Palmer, for services rendered as curator, personal representative and attorney to the estate of Morris Simon.
Morris Simon died at the age of eighty-six at a hospital on Miami Beach, Florida, without any known heirs. The estate consisted solely of $77,471.11 cash. Attorney Palmer as curator arranged for the funeral and canvassed area banks to locate assets. A wallet containing an identification card listing the name and address of Pearl Simon was found among Simon's personal effects. After writing to that address, attorney Palmer received notice from attorney Milton Blum of Chicago, Illinois identifying Pearl Simon as the widow of Simon and stating that she was in extremis. Attorney Palmer then ascertained through questioning Blum as to the possibility of children and divorce from Simon, that Pearl was the sole heir of the decedent.
Palmer filed a petition for fees for his services as curator, personal representative, and attorney but did not notify Pearl or attorney Blum of this petition as required by Section 733.106(3), Florida Statutes (1979).
Palmer testified that he worked 150 hours on the estate, 50 of which were time spent by a paralegal. Palmer testified that his usual fee is $125.00 per hour for routine work. This would amount to a fee on a straight hourly basis of $18,750.00. There was also expert testimony that a fee between $30,000.00 to $32,000.00 would be appropriate for Palmer in this case.
An award of attorney's fees with respect to services rendered in connection with an estate is not to be overturned without a showing of abuse on the part of the trial court. Estate of Granger, 391 So.2d 311 (Fla. 4th DCA 1980) (no abuse where complex lawsuit involved novel questions); Estate of McCune, 223 So.2d 787 (Fla. 4th DCA 1969).
Though the trial judge correctly determined that he was not bound by the testimony of the expert witness as to the amount of reasonable fees, Estate of Ryecheck, 323 So.2d 51 (Fla. 3d DCA 1975), we hold that the court abused its discretion in awarding $25,000.00 fees to Palmer where the estate consisted solely of cash, there was no complex litigation, the estate was admittedly not complicated and the discrepancy between the amount of the award and the number of hours spent times the stated hourly rate is not explained.
Reversed and remanded with instructions to compensate appellee for his services at a rate to be determined as provided in Section 733.617, Florida Statutes (1979).