PER CURIAM.
This matter has been considered on motion to tax attorneys’ fees by appellee pursuant to Section 57.105, Florida Statutes (1980). The motion to tax attorneys’ fees is granted and the matter remanded to the trial court for determination as to the amount. After a thorough review of the briefs, the record on appeal, and the motions and arguments regarding attorneys’ fees, we conclude that this appeal presents a situation within the statute in that there is a complete absence of a justiciable issue of law or fact raised by appellant. This has been held to be the equivalent of frivolousness. See: Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980); rev. denied, 392 So.2d 1373 (Fla.1980); T. I. E. Communications v. Toyota Motors, 391 So.2d 697 (Fla. 3d DCA 1981); Sachs v. Hoglund, 397 So.2d 447 (Fla. 3d DCA 1981); and Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981).
The sole issue raised on appeal in this probate matter was testamentary capacity. This issue was simply not included in the pleadings before the trial court or presented as a contested issue in the trial. Our Supreme Court has recently affirmed the constitutionality of the attorneys’ fee statute in question, and we believe the present situation is within the guidelines set in that decision. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982). The Court there stated: “The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney’s fee awards on losing parties who engage in these activities.” (Emphasis supplied).
*618 This matter is remanded to the trial court. for determination of the amount of fees attributable to the appeal and for entry of judgment thereon.
DOWNEY, BERANEK and HURLEY, JJ., concur.