SCOTT, ROBERT C., Associate Judge.
Appellant, a co-personal representative of decedent’s estate appeals two orders which denied him attorney’s fees in a probate proceeding. We affirm.
At the outset, we note that appellant had been awarded attorney’s fees of $35,000 plus $15,000 for his services as co-personal representative. Some time after the award of fees to appellant, Dora Brown, a beneficiary of decedent’s estate and appellant’s co-personal representative, brought an action, in the probate proceedings, against appellant charging him with waste and maladministration of the estate. Specifically, appellant was charged with embarking upon an imprudent and unnecessary investment scenario which resulted in substantial losses to the estate. Dora Brown sought to remove appellant as co-personal representative and to charge him with the losses.
At the trial of the issues raised, the evidence was contradictory. Ultimately, the court dismissed Dora Brown’s petition. However, the court also denied appellant’s motions for attorney’s fees. This appeal ensued.
The sole issue is whether appellant’s attorney’s fees, incurred by him in his defense of Dora Brown’s attack upon him should have been charged to the estate. Section 733.617, Florida Statutes (Supp.1976), the controlling statute, relates to compensation of personal representatives and professionals. It provides in part:
(1) Personal representatives, attorneys, accountants, and appraisers and other agents employed by the personal representative shall be entitled to reasonable compensation....
It is axiomatic that an award of attorney’s fees from estate funds presupposes the performance of services which were necessary or beneficial to the estate. Heirs of Estate of Waldon v. Rotella, 427 So.2d 261 (Fla. 5th DCA 1983) and cases cited therein.
In the instant case, the estate and its beneficiaries derived no necessary or beneficial services from the efforts of appellant’s attorneys. While appellant was not removed as co-personal representative, *661 the trial court spoke disparagingly about the performance of his duties in that position.
Appellant argues that his retention by the court as a co-personal representative, as contemplated by the decedent, was ipso facto, a benefit to the estate. Appellant relies upon In Re Estate of Murphy, 336 So.2d 697 (Fla. 4th DCA 1976). In that opinion, the court refused to override the expressed direction of the decedent and acknowledged the decedent’s right to select a person to manage his estate. However, the court, in the cited case, did not discuss the award of attorney’s fees for services incurred in pulling appellant’s personal chestnuts out of a fire.
The order of the court below should not be disturbed absent a clear abuse of discretion. In Re Estate of Simon, 402 So.2d 26 (Fla. 3d DCA 1981).
Appellant’s claim for attorney’s fees based upon section 57.105, Florida Statutes (Supp.1978) is without merit. The judgment below is affirmed.