THOMPSON, Judge.
Appellant is the brother and an heir at law of the decedent Emily B. Paulk, who died April 4, 1984. Appellant filed a petition to revoke probate which sought, inter alia, to set aside the inter vivos gift of two parcels of property which decedent made to Olga Davis. As an intervenor, Davis successfully moved to have this portion of appellant’s petition stricken. Davis then sought, and was. awarded, attorney’s fees and costs based on her prevailing on the motion to strike. It is this award of fees and costs which is the subject of this appeal. We agree with appellant that the award was in error, and reverse.
Appellant’s filing of a petition for revocation of probate renders the proceeding an “adversary proceeding” pursuant to Fla.R.P. & G.P. 5.025. As such, “the proceedings, as nearly as practicable, shall be conducted similar to suits of a civil nature and the rules of civil procedure shall govern.” Id. An order granting a motion to strike is not a final appealable order under Fla.R.App.P. 9.130. See Armstrong v. Armstrong, 401 So.2d 912 (Fla. 4th DCA 1981); Kozusnik v. Selkowitz, 379 So.2d 168 (Fla. 3d DCA 1980); Radio Communications Corp. v. OKI Electronics of America, Inc., 277 So.2d 289 (Fla. 4th DCA 1973).
The circuit court’s granting of Davis’ motion to strike left the remainder of appellant’s petition still viable and pending. The motion for attorney’s fees and costs, and the order granting it, indicate that the authority for the award is § 57.105 Fla.Stat. which provides that a prevailing party in any civil action shall be awarded a reasonable attorney’s fee if “the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.” In the instant case, an award of attorney’s fees on this basis is premature. Although Davis was the prevailing party as to the motion to strike, she has not prevailed as to the entire action. Steinhardt v. Eastern Shores White House Assoc. Inc., 413 So.2d 785 (Fla. 3d DCA 1982). In addition, there cannot have been a determination that there is a complete absence of any justicia-ble issue of law or fact in this case because the petition for revocation of probate has not been disposed of, and all aspects of the controversy have not yet been resolved.
*527 We also note that it is inherently contradictory to subject appellant to a final order awarding attorney’s fees on the basis of an order granting a motion to strike which appellant is precluded from appealing. At this point in the proceedings, no award of attorney’s fees is authorized. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982); Rivera v. Deauville Hotel Employers Service Corp., 277 So.2d 265 (Fla.1973). The award of attorney’s fees is premature and, accordingly, is REVERSED.
JOANOS and NIMMONS, JJ., concur.