WIGGINTON, Judge.
Appellants appeal and appellee cross-appeals an amended final judgment finding that appellee is entitled to recover $15,000 from appellants pursuant to an oral agreement, plus $4,714 in interest, and $5,000 in attorney’s fees. We affirm except for the attorney’s fee award.
This action arose from a dispute between appellants and appellee over an oral agreement, whereby appellants’ predecessor obligated to pay appellee $15,000, and a promissory note indebting appellants to appel-lee. The amended final judgment allowed appellee recovery only on the $15,000 oral agreement, after making the obvious determination that the obligation on the promissory note had been satisfied prior to or shortly after the filing of this action by appellee. All parties agree, and the trial judge properly found, that appellee is not entitled to an award of attorney’s fees incurred in the collection of the $15,000 due under the oral agreement although he is entitled to an award of fees incurred in regard to the note.
The record does not support a $5,000 attorney’s fee award in this case. Appel-lee’s attorney’s time sheets show that although he invested a substantial amount of time prosecuting this suit, he spent only a minimal amount of time on the case prior to the filing of the cause of action. The suit resulted in appellee prevailing in the trial court only on the oral agreement issue and we affirm that result.
Since indisputably appellee is not entitled to an award of an attorney’s fee for services rendered in regard to the oral agreement, the only award of attorney’s fees to which he might be entitled is that minimal amount of time spent by his attorney, according to the record, in obtaining collection on the promissory note which, as determined by the trial court, was achieved prior to or shortly after the filing of this action below. Therefore, we reverse the $5,000 attorney’s fee award and remand to the trial court for the award of an attorney’s fee, if at all, based on that amount of time spent by appellee’s attorney on the collection of the promissory note. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.