JORGENSON, Judge.
Upon a finding that the will contestants who petitioned to revoke the probate of Rose Kashey’s will had utterly no evidence to support their allegations of undue influence or lack of testamentary capacity, the trial court granted an involuntary dismissal. The trial court thereafter entered an order on final judgment granting the personal representative’s petition to tax costs and attorney’s fees pursuant to section 57.105, Florida Statutes (1985).[1] The contestants’ motion to set aside the final judgment taxing costs and attorney’s fees sought relief under Florida Rule of Civil Procedure 1.540. The trial court properly denied the motion. The failure of an attorney to advise his clients of a conflict of interest is not the sort of “mistake” con *909 templated by the rule, nor is the dispute between these clients and their attorney a subject to be litigated in the probate division of the circuit court. See Herrick v. Southeast Bank, N.A., 512 So.2d 1029, 1030 n. 3 (Fla. 3d DCA 1987). We therefore affirm the order under review and write further only to draw the attention of the bar to a fundamental conflict of interest inherent in the terms of section 57.105. The statute provides as follows:
Attorney’s fee. — The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he has acted in good faith, based on the representations of his client.
The interests of the losing party and his attorney necessarily diverge in a section 57.105 proceeding. This is so because, having made a proper showing of good faith, the losing party’s attorney is relieved of personal responsibility for an “equal share” of the prevailing party’s attorney’s fee.
In order to resolve the conflict in a way that will permit further representation, the losing party’s attorney must give strict attention to Florida Bar Rule of Professional Conduct 4-1.7(b). The rule provides as follows:
A lawyer shall not represent a client if the lawyer’s exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person or by the lawyer’s own interest, unless:
(1) The lawyer reasonably believes the representation will not be adversely affected; and
(2) The client consents after consultation.
As the supreme court noted in The Florida Bar v. Ward, 472 So.2d 1159, 1162 (Fla. 1985), attorney and client are not infrequently “sued on matters growing out of the representation and, despite the fundamental conflict of interest inherent in such a case, the client insists that the attorney continue in representation as long as possible.” The attorney in such circumstances must consider whether the conflict “will materially interfere with the lawyer’s independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.” Rules of Professional Conduct Rule 4-1.7 comment.
It is therefore incumbent upon the attorney facing a 57.105 proceeding to apprise the client of the conflict and consequences of continued representation once the attorney has formed a reasonable belief that such representation will not be adversely affected. The attorney should document not only the disclosure, but also the client’s endorsement of the disclosure and the continuing representation. Ward, 472 So.2d at 1162.
The order under review is affirmed.

. Florida courts have previously applied section 57.105 to probate proceedings. See Bashure v. Estate of Paulk, 498 So.2d 525 (Fla. 1st DCA 1986); Anderson v. Anderson, 468 So.2d 528 (Fla. 3d DCA), rev. denied, 476 So.2d 672 (Fla. 1985); Goldwom v. Estate of Day, 452 So.2d 659 (Fla. 3d DCA 1984); Ferguson v. Estate of Ferguson, 410 So.2d 617 (Fla. 4th DCA 1982); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla.1980).