573 So.2d 390 (1991)
Lance S. UHLEY and Pamela Uhley, His Wife, Appellants/Cross Appellees,
v.
TAPIO CONSTRUCTION COMPANY, INC., Appellee/Cross Appellant.
No. 89-1345.
District Court of Appeal of Florida, Fourth District.
January 16, 1991.
Rehearing and Rehearing Denied February 21, 1991.
Larry Klein and Jane Kreusler-Walsh of Klein & Walsh, P.A., West Palm Beach, for appellants/cross appellees.
David M. Garten of The Law Office of Bennett S. Cohn, P.A., West Palm Beach, for appellee/cross appellant.
Rehearing and Rehearing En Banc Denied February 21, 1991.
POLEN, Judge.
Lance and Pamela Uhley, as owners of real property in Palm Beach County, appeal from a final judgment of the trial court, and denial of their motions for rehearing and clarification, in favor of appellee Tapio Construction Company, Inc. The Uhleys were owners of two parcels of land in a development in Palm Beach County who contracted with Tapio to build homes on both parcels. The home on lot 12 was intended as a "spec" house, and the one on lot 16 was to be the Uhleys' personal residence. The contract between appellant and appellee was oral, and of course a dispute ensued as to whether the contract price was the bid price as claimed by the Uhleys, or on a cost plus basis as claimed by Tapio.
The Uhleys gave Tapio initial surveys which the Uhleys had had prepared by Biscayne, from which Tapio was to do its work. Both of these surveys indicated the bench marks (reference points from which elevations for the floor, septic tanks, etc., were to be measured) were "assigned elevations." Later a tie-in/updated survey required to be submitted to the county prior to the final framing inspection was subsequently done by Lee for Tapio Construction. Typed in boldface across the tie-in survey for lot 12 were the words "elevations shown are based on assumed datum." No such notation was typed across the lot 16 survey although the point on the survey marked "bench mark" does say "bench mark assumed." Both houses were built at incorrect elevations, resulting in considerable problems for the Uhleys as set forth in this opinion. The litigation that ensued involved both properties; however, the award to the Uhleys on the spec house property, lot 12, is not involved in this appeal.
Tapio Construction had brought suit on its mechanic's lien, and the Uhleys defended and counterclaimed on the basis that the construction of the house at an improper elevation caused flooding damage for *391 which the Uhleys sought to hold Tapio liable. Appellants argued to the trial court that the only way to cure the defect was to literally raise the house. Opinion testimony was presented to the effect that the cost of such a procedure would be $60,000.
In the trial court's memorandum opinion, while it found that Tapio was responsible for the defect in the spec house and awarded damages to the Uhleys accordingly (not here on appeal), it went on to hold that the notation on the residential property survey (lot 16) was not sufficient to put any contractor on notice that he is not to rely on the elevation as being correct. We find that the trial court's finding is against the manifest weight of the evidence in this regard, and reverse and remand for further proceedings on the Uhleys' claim against Tapio.
In so holding, we note that appellants Uhleys have attempted to argue, for the first time in this court, that Tapio's liability was founded on breach of implied warranties of fitness and merchantability. In that the Uhleys did not present this theory for consideration by the trial court below, we cannot consider the applicability of such a theory at the appellate level. However, appellants' other theories of recovery presented in the trial court, general breach of contract and negligence, were sufficient bases for the trial court to have ruled in favor of appellants' other claims. We therefore hold that when a contractor, who is in privity with the owner, relies on a survey prepared by a third party, and such survey contains notations such as bench mark or elevations "assumed" or "assigned," this is sufficient to put the contractor on notice that he must make an independent determination of the correct elevations. His failure to do so will result in liability to the owner for any defects in the structure upon completion.
Having reversed and remanded on the issue of the Uhleys' entitlement to recover from Tapio, the cost and attorney's fees judgment in favor of Tapio must likewise be reversed.
Tapio's cross appeal argues that the trial court erred in failing to find in favor of Tapio on its mechanic's lien action pursuant to Chapter 713, Florida Statutes (1985). Tapio has failed to demonstrate reversible error as to that issue, and therefore the memorandum opinion of the trial court as to the mechanic's lien claim is affirmed.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
DOWNEY, J., and SHAHOOD, GEORGE A., Associate Judge, concur.