579 So.2d 161 (1991)
Donald BROWNE, Appellant,
v.
Miryam COSTALES, Appellee.
Nos. 89-2514, 89-1995 and 89-1997.
District Court of Appeal of Florida, Third District.
April 9, 1991.
Rehearing Denied June 13, 1991.
*162 Leonard H. Rubin, Miami, for appellant.
Brian R. Hersh, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Donald Browne, appeals from adverse final orders and judgments in consolidated cases arising from a dissolution of marriage. Appellee, Miryam Costales, cross-appeals the denial of rehabilitative alimony. We affirm in part, reverse in part, and remand.
Appellant contends that the trial court erred in awarding appellee alimony and attorney's fees, a judgment for arrearages, and in finding appellant in contempt for failing to comply with a trial court order and judgment. After a review of the record, we only find error in the amount of attorney's fees awarded to appellee's second attorney.
Appellee's second attorney, the recipient of a $20,000 attorney fee award, did not keep time records because he relied on "unit billing." Appellee's counsel admitted at oral argument that his apparently silver-tongued efforts as trial counsel secured no equitable distribution, no lump sum alimony, and no permanent or rehabilitative alimony for the wife in this one and one-half year marriage; the sole result which he obtained was $10,000 in temporary support monies.
As elicited in oral argument, unit billing is a practice where the attorney bills a predetermined number of minutes for a given task. In this case, the attorney billed 24 minutes for each task of: notices of hearing, re-notices of hearing, and notices of taking deposition. He billed 15 minutes for each task of: a note of transmittal, and for transmitting a proposed order to the court.
This attorney's practice of unit billing was, in our view, unacceptable, and serves to fuel the opprobrium felt for the legal profession. He had the effrontery to explain that his unit billing included the time necessary for him to fold the paper, stuff the envelopes, and seal them (no doubt with his silver tongue). The "units" were billed at $250.00 per hour.
Unlike an ostrich, we cannot bury our heads in the sand and ignore abuses of attorneys charging fees for less than routine matters. We cannot condone the practice of unreasonable "unit billing" for an attorney's time without regard for the actual time spent on true legal work.
Rule 4-1.5, Rules Regulating the Florida Bar, provides the factors upon which a reasonable fee can be based. It does not provide for flat rates per task. See also Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).
The Florida Bar v. Richardson, 574 So.2d 60 (Fla. 1990) recently addressed the concept of unreasonable unit billing and flat rates for phone calls and document preparation. In that case, the Florida Supreme Court suspended an attorney, finding "absolutely no justification" for such an approach:
Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee, is therefore a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation.
The Florida Bar v. Richardson, 574 So.2d at 62 (quoting Baruch v. Giblin, 122 Fla. 59, 164 So. 831 (1935)).
*163 We find no justification for counsel's unit billing practice in this case. We find that the amounts billed were excessive and that the fee awarded was unreasonable, particularly in view of the limited results obtained by counsel for the wife.
Accordingly, we reverse and remand to determine appellee's attorney's fees in accordance with this opinion. We find no other errors in the trial court's rulings, and affirm as to all other issues in appellant's appeal and appellee's cross-appeal.
Affirmed in part, reversed in part and remanded.