ON MOTION TO REVIEW FEE AWARD
PER CURIAM.
This case is before the court for the third time. In the first appeal we reversed a judgment awarding the appellee attorney’s fees pursuant to section 57.105, Florida Statutes (1989), on a holding that the appellant’s third-party complaint was not frivolous. Dalia v. Duda, 576 So.2d 868 (Fla. 3d DCA 1991). In the second appeal, we affirmed, without an opinion, a summary judgment for the appellee on her claim for recovery of an escrow deposit and an award of fees as the prevailing party. The case was remanded for an award of fees for appellate services.
We agree with the appellant that the award of $10,000 in fees for defending this uncomplicated second appeal is excessive. Most telling in the inflated itemization of work performed is the claimed two hours and forty-five minutes spent educating the client about the case (in which she participated), and appellate proceedings generally, notwithstanding that the client is an attorney. Also revealing is that the fee for the trial court representation was only $8,625.29.
Four hours and forty-five minutes are claimed, under oath, for reading the appellant’s fourteen-page reply brief; four and one-half hours are claimed for oral argument preparation; and three and one-half hours are claimed for reading and “research” of the motion for rehearing. Five hours of service is claimed for a motion to strike the appellant’s brief — which was denied; one and a quarter hours is claimed for preparing a motion for extension of time to file a brief and for clarification of the order denying the motion to strike appellant’s brief — which was also denied.
The alleged “excessive” award is precisely that requested by the appellee based on approximately fifty-four hours of legal work.[1] No contention is made that the *1282 court based its decision on anything other than the appellee’s motion for fee and the supporting affidavits of experts. All that is missing, as the dissent notes, is the testimony of the experts in support of the affidavits. The issue before us was necessarily raised in the trial court by the affidavit of the appellant showing that the value of the services was no more than $4,500, and the appellee’s affidavit valuing the services at $10,000.
In this dispute, as to what constitutes an appropriate attorney’s fee for appellate work, the best evidence is the appellate record, briefs of the parties, the court’s recollection of the oral arguments, and the opinion of the appellate court.[2] On the basis of the foregoing we conclude that there was nothing complex about the case that an experienced attorney could not have handled in one-half the time claimed. See R.H. Coody & Assocs., Inc. v. Shelton, 352 So.2d 852 (Fla.1977); Schreiber v. Palmer, 427 So.2d 235 (Fla. 3d DCA 1983); Guthrie v. Guthrie, 357 So.2d 247 (Fla. 1st DCA 1978).
Accordingly, we reverse and remand with instructions to award appellate fees in an amount not to exceed $5000.

. Nine thousand dollars was awarded for the appeal and $1,000 was awarded for the hearing on the motion for appellate fees.

. In past years this court would fix the' amount of fees based on the same evidence. Although the practice has been discontinued, from the same evidence we may determine that an attorney’s fee for appellate work is grossly excessive.