PER CURIAM.
Charles Nickerson [husband] appeals from an adverse final judgment requiring him to pay one-half of his wife’s attorney’s fees in a divorce action. The wife cross-appeals from this same judgment. We affirm in part, reverse in part, and remand.
Husband argues that the trial court erred in finding that the wife’s attorney had expended fifty (50) hours on the parties’ divorce. He further claims that the award of fees for services that were “unit billed” by wife’s counsel amounted to an abuse of discretion.[1] We agree.
This court has disapproved of “the practice of unreasonable ‘unit billing’ without regard for the actual time spent on true legal work.” Browne v. Costales, 579 So.2d 161, 162 (Fla. 3d DCA), rev. denied, 593 So.2d 1051 (Fla.1991). The billing system used by wife’s counsel in the present case is substantially similar to that disapproved of in Browne.
In addition, the wife’s attorney only had time records for 32.7 hours, yet his bill ultimately charged for nearly sixty (60) hours of work.
Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee. (Citation omitted.) ... Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary.
Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985).
Because we find that only 32.7 hours of work were adequately documented in this case, we reverse that part of the final judgment and remand for entry of judgment consistent with this opinion. Trope v. Trope, 238 So.2d 486 (Fla. 3d DCA 1970).
We find no merit in any other issue on appeal or cross-appeal.
Affirmed in part, reversed in part, and remanded.

. "Unit billing is a practice where the attorney bills a predetermined number of minutes for a given task.” Browne v. Costales, 579 So.2d 161, 162 (Fla. 3d DCA), rev. denied, 593 So.2d 1051 (Fla.1991).