607 So.2d 483 (1992)
Philip S. MILLER, Luther M. Taylor, Joan B. Taylor, and Daniel E. Taylor, Appellants,
v.
FIRST AMERICAN BANK AND TRUST, a National Banking Association, and First American Bank and Trust, as Trustee of Trust No. 010280, Appellees.
No. 91-1614.
District Court of Appeal of Florida, Fourth District.
November 2, 1992.
Luther Martin Taylor, Palm Beach Gardens, for appellants.
Michael J. Kennedy of Winthrop, Stimson, Putnam & Roberts, Palm Beach, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
The appellees sued to foreclose a large mortgage. Because the debt had not been paid and D'Oench[1] controlled, there was essentially no defense and the case was resolved  without trial or even depositions  by a summary judgment entered on the pleadings, affidavits and written discovery. The appeal, in which oral argument was not requested, ended in a PCA. Miller v. First Am. Bank & Trust, 587 So.2d 1338 (Fla. 4th DCA 1991) (table). Despite the limited nature of the services thus required, the appellees claimed and the trial court granted[2] almost a quarter of a million *484 dollars in attorney's fees  a round $242,550.15, to be exact  for over sixteen hundred "reasonable hours" purportedly expended by twenty attorneys, paralegals and legal assistants associated with four separate law firms.[3] We cannot permit this award to stand.
The appellees claim that, in effect, we have no choice but to affirm the judgment as within the trial court's discretion, particularly since the fact that the record contains no transcript of the fee hearing requires the conclusion that the order is supported by competent evidence. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). We strongly disagree.
On the face of it, the order embodies an unacceptable, even incredible result. No court is obliged to approve a judgment which so obviously offends even the most hardened appellate conscience and which is so obviously contrary to the manifest justice of the case. Indeed, it is obliged not to. Florida Nat'l. Bank v. Sherouse, 80 Fla. 405, 406, 86 So. 279, 279 (1920) ("[I]f a decree is manifestly against the weight of the evidence, or contrary to the legal effect of the evidence, then it becomes the duty of the appellate court to reverse the same."); Newman v. Smith, 77 Fla. 633, 650, 82 So. 236, 241 (1918) ("Where the finding of a trial judge is contrary to the legal effect of the evidence on the issues made the appellate court should reverse the finding even though the trial judge personally saw and heard the witnesses testify, and even though there were conflicts in the testimony, and there was some evidence tending to support the finding."). Accord Howell v. Blackburn, 100 Fla. 114, 129 So. 341 (1930); Boyd v. Gosser, 78 Fla. 64, 82 So. 758 (1918); Fuller v. Fuller, 23 Fla. 236, 2 So. 426 (1887); John D.C. v. State, 16 Fla. 554 (1878); Uhley v. Tapio Constr. Co., Inc., 573 So.2d 390 (Fla. 4th DCA), rev. denied, 583 So.2d 1037 (Fla. 1991); C.M. Life Ins. Co. v. Ortega, 562 So.2d 702 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 289 (Fla. 1991).
This is especially true with respect to attorney's fees, with which the profession and the courts must be particularly concerned, see Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. *485 1985),[4] and even more so since the case involves the notorious "billable hours" syndrome, with its multiple evils of exaggeration, duplication, and invention. Mercy Hosp., Inc. v. Johnson, 431 So.2d 687 (Fla. 3d DCA), pet. for review denied, 441 So.2d 632 (Fla. 1983); In re Estate of Simon, 402 So.2d 26 (Fla. 3d DCA 1981), appeal after remand, 427 So.2d 235 (Fla. 3d DCA 1983); see also Browne v. Costales, 579 So.2d 161 (Fla. 3d DCA) (abuse of "unit billing"), rev. denied, 593 So.2d 1051 (Fla. 1991).
Nor are we precluded from reaching this result by the fact that, under Applegate, we must presume that someone testified that the hours in question were actually employed and that an "expert" opined that they and the fee awarded were "reasonable."[5] The existence of such evidence does not require that we abandon our own expertise, much less our common sense. As we said in Guthrie v. Guthrie, 357 So.2d 247, 248 (Fla. 4th DCA 1978) in reversing an award of appellate fees:
[W]e have closely considered this record, the briefs from the original appeal, and all the contentions of the appellee in order to find support for the amount of the fee awarded for that appeal and we cannot do so. We conclude that the services rendered herein cannot justify a fee of $8,000. In reaching that conclusion we are not unmindful of the fact that appellant adduced the testimony of a lawyer who opined a fee of $9,000 was reasonable.
Similarly, in Mercy Hospital, Inc., 431 So.2d at 688, the court stated:
In deciding upon amounts to be awarded as attorney's fees, a trial court must consider not only the reasonableness of the fees charged but the appropriateness of the number of hours counsel engaged in performing his services as well. The court should review the nature of the services rendered and the necessity for their performance, along with the reasonableness of the charges. Johnson's failure to present detailed evidence of his services is fatal to his claim. The opinion of an expert witness does not constitute proof that the facts necessary to support the conclusion exist.
.....
Johnson's claim was predicated upon the number of hours he worked, a number we find inherently incredible. Johnson contended that he spent a total of 5,563.34 hours solely in the negotiation of the three loans in question. In order to reach the asserted number of hours, Johnson would have had to work 162 five-day weeks consisting of seven-hour days on the three loans exclusively. We find this representation to be highly improbable.
Id. at 688-89 (citations omitted). Accord Dalia v. Alvarez, 605 So.2d 1281 (Fla. 3d DCA 1992)[6]; In re Estate of Simon, 402 So.2d 26 *486 (Fla. 3d DCA 1981)[7], appeal after remand, 427 So.2d 235 (Fla. 3d DCA 1983)[8]; see also Villas of St. George v. Newton, 531 So.2d 1051 (Fla. 1st DCA 1988).
Without further belaboring the obvious, we are content to rest our conclusion upon the judgment below[9] and Justice Stewart's famous concurrence in Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793, 804 (1964), which is directly on point as to both subject matter and method of analysis.
REVERSED and REMANDED.
HERSEY and POLEN, JJ., concur.
NOTES
[1] D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).
[2] On the determinative issues, the order states as follows:

The reasonable hours expended by Plaintiff's counsel through December 31, 1990 and reasonable rates for such work recoverable from Defendants are set forth as follows:

 ACKERMAN, BAKST, LAUER & SCHERER
 Hourly
 Attorney Hours Rate Total
 W. John Gundlach 61.45 $175.00 $10,753.75
 Douglas Lambert 93.75 150.00 14,062.50
 Terry Resk 4.00 150.00 600.00
 Lisa Motzer, CLA 4.30 50.00 215.00
 __________
 Subtotal Fees $25,631.25
 FLEMING, HAILE & SHAW
 Hourly
 Attorney Hours Rate Total
 W. John Gundlach, Jr. 91.20 $175.00 $15,960.00
 Douglas Lambert 45.70 150.00 6,855.00
 Terry Resk 30.80 150.00 4,620.00
 Lisa Motzer, CLA 20.45 60.00 1,227.00
 __________
 Subtotal Fees 28,662.00
 JOHN C. DOTTERRER, P.A.
 Hourly
 Attorney Hours Rate Total
 John C. Dotterrer 210.30 $175.00 $36,802.50
 Bruce S. Rosenwater 3.90 120.00 468.00
 Ronald A. Lisak 134.80 160.00 21,568.00
 Karen J. Bould, CLA 24.60 70.00 1,722.00
 12.81 65.00 832.65
 __________
 Subtotal Fees $61,393.15
 WINTHROP, STIMSON, PUTNAM & ROBERTS
 Hourly
 Attorney Hours Rate Total
 John C. Dotterrer 157.75 $175.00 $27,606.25
 David L. Kreider 4.00 170.00 680.00
 Charles R. Hickman 14.00 175.00 2,450.00
 Paul F. Mehr 148.00 145.00 21,460.00
 143.25 155.00 22,203.75
 Michael J. Kennedy 184.25 170.00 31,322.50
 George D. Karibjanian 3.00 145.00 435.00
 Garrison duP. Lickle 8.25 175.00 1,443.75
 David M. Lindley .50 175.00 87.50
 Ronald A. Lisak 25.00 170.00 4,250.00
 Karen J. Bould, CLA 195.00 75.00 14,625.00
 Connie B. Schiraldi, C.A. 4.00 75.00 300.00
 ___________
 Subtotal Fees $126,863.75
 TOTAL FEES (Lodestar) $242,550.15

The Court finds that the hours reasonably expended when multiplied by the applicable reasonable hourly rate yields a total reasonable fee or Lodestar of $242,550.15.
[3] The appellant, Luther Taylor, a lawyer who also represented the other defendants, filed an affidavit stating that he had spent no more than thirty-five hours defending the case below.
[4] Some time ago, this Court recognized the impact of attorneys' fees on the credibility of the court system and the legal profession when we stated:

There is but little analogy between the elements that control the determination of a lawyer's fee and those which determine the compensation of skilled craftsmen in other fields. Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It [sic] does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation.
Baruch v. Giblin, 122 Fla. 59, 63, 164 So. 831, 833 (1935).
Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1149-50 (Fla. 1985) (quoting Baruch v. Giblin, 122 Fla. 59, 63, 164 So. 831, 833 (1935). Accord The Florida Bar v. Richardson, 574 So.2d 60 (Fla. 1990), cert. denied, ___ U.S. ___, 112 S.Ct. 57, 116 L.Ed.2d 33 (1991); Browne v. Costales, 579 So.2d 161 (Fla. 3d DCA), rev. denied, 593 So.2d 1051 (Fla. 1991).
[5] Indeed the record contains a summary of the testimony of an attorney who coincidentally stated that the precise amount sought and awarded was a reasonable fee.
[6] Over the dissent's complaint that the lack of a transcript of the hearing required affirmance under Applegate the court reversed a fee award on the holding that "there was nothing complex about the case that an experienced attorney could not have handled in one-half the time claimed." Dalia v. Alvarez, 17 F.L.W. 741, 744 (Fla. 3d DCA Mar. 17, 1992).
[7] Reversing a $25,000.00 fee award despite "expert testimony that a fee between $30,000.00 to $32,000.00 would be appropriate," the court held that:

the [trial] court abused its discretion in awarding $25,000.00 fees to Palmer where the estate consisted solely of cash, there was no complex litigation, the estate was admittedly not complicated and the discrepancy between the amount of the award and the number of hours spent times the stated hourly rate is not explained.
In re Estate of Simon, 402 So.2d 26, 27 (Fla. 3d DCA 1981).
[8] The court held that an $18,000.00 fee awarded after remand in Simon was "still excessive" because "[t]here was nothing complex about the case, as admitted, which an attorney, even one inexperienced in the subject matter, could not have conducted in one-half the 150 hours appellee claims were required." Schreiber v. Palmer, 427 So.2d 235, 236 (Fla. 3d DCA 1983).
[9] See supra note 2.