PER CURIAM.
We affirm the final judgment entered in the mortgage foreclosure action below, except that we reverse a portion of the award of attorney’s fees. The fees in question, aggregating $5668.95, approximately a third of the total, were purportedly incurred by Barnett Bank of Northwest Florida prior to its assignment of the mortgage to A1 Qualls, Jr.
A Barnett Bank officer testified that two law firms provided services with respect to three separate mortgage agreements between the bank and Bobbie R. Scheffer, the original debtor on the note secured by the mortgage foreclosed in this case. Invoices for attorney’s fees submitted at trial do not, however, establish that the services rendered relate to the particular mortgage which is the subject of the instant action.
Failure to distinguish between recoverable and non-recoverable time may result in reduction of a fee award. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Thunderbird, Ltd. v. Great Am. Ins. Co., 566 So.2d 1296 (Fla. 1st DCA 1990). Additionally, the fee invoices submitted by one of the firms fail to disclose time expended, if any. Failure to document work performed adequately may result in a reduction of the fee award. Rowe; Nickerson v. Nickerson, 608 So.2d 835, 836 (Fla. 3d DCA 1992), review denied, 621 So.2d 432 (Fla.1993).
Accordingly, we reduce the attorney fee award by $5668.95 and affirm the final judgment in all other respects.
WOLF, LAWRENCE and BENTON, JJ., concur.